THE STATE v. WILLIS H. BROGDEN.

*Special   Venire—Dying   Declarations.*

1. It is in the discretion of the trial judge to order a special *venire* in capital cases and determine its number, which he may likewise change by another order.

2. The practice of drawing the *venire* from the box is commended.

3. The dying declarations of deceased persons are admissible in evidence.

This was an INDICTMENT for murder, tried at the September Term, 1892, of WAYNE Superior Court, before *Bryan, J.*

The defendant pleaded not guilty, and the Court ordered a special *venire* of two hundred to be drawn from the jury box. This order was made on motion of the Solicitor for a *venire* of one hundred and fifty.

Box No. 1 was exhausted when one hundred and thirty-five were drawn out, and on motion of the Solicitor the order was amended so as to call for only that number. A jury was obtained before the prisoner exhausted his special challenges. The Court found, upon sufficient evidence, that the deceased's dying declarations were made under apprehension of impending dissolution and were admissible. Defendant excepted and appealed.

*The Attorney General,* for the State.
No counsel for defendant.

CLARK, J.: It rests in the discretion of the trial judge to order a special *venire* in capital cases, and likewise determine its number. *The Code,* § 1738. It is equally in his discretion subsequently to amend the order so as to increase or decrease the number of such *venire.* In this case certainly the prisoner had no cause to complain, as the jury was obtained from the regular panel and the reduced *venire* without exhausting the prisoner's peremptory challenges. *State* v. *Hensley,* 94 N. C., 1021; *State* v. *Pritchett,* 106 N. C, 667. But had the *venire* proved insufficient, the statute (*The Code,* § 1739) provides that the Judge, in his discretion, could have ordered a further *venire* to be drawn from the box, or summoned by the Sheriff.

The practice of drawing the special *venire* from the box is one to be commended and is favored by the Courts. It is a wise and safe course which trial courts will usually do well to observe. The act authorizing it (*The Code,* § 1739) was passed by the Legislature to remove the occasion for scandals which, at times, had crept into the administration of justice in trials

111—42

for capital offences. There may be instances in which, in the exercise of a wise discretion, the Court need not observe it; hence, the act was not made mandatory.

We see no ground for the objection to the admission of the dying declarations of the deceased. The ruling of the Judge was fully justified by the evidence. *State* v. *Williams*, 67 N. C., 12; *State* v. *Mills*, 91 N. C., 581.

PER CURIAM.                                                No Error.