## STATE v. MOSES GREEN.

(Filed 2 March, 1927.)

**Evidence—Declarations—Hearsay—Appeal and Error—Prejudice.**

> Where the evidence upon trial for murder is that two men went to-
> gether to the store of deceased, one waited at the door and the other
> entered and assumed to purchase merchandise from the deceased, and
> shot and killed him without warning, declarations by one of them in
> whose favor a verdict of not guilty was directed, not made in the presence
> of the other, identifying the other as the guilty one, are incompetent as
> hearsay evidence, and their admission as evidence constitutes prejudicial
> and reversible error.

APPEAL by defendant from *Grady, J.,* at September Term, 1926, of
WILSON.

Criminal prosecution, tried upon an indictment charging the prisoner
with a capital felony, to wit, murder in the first degree.

From an adverse verdict, and sentence of death entered thereon, the
prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for
the State.*
*Hugh Dortch and Bryce Little for defendant.*

STACY, C. J. There is evidence.on behalf of the State tending to
show that about ten o'clock on the night of 15 May, 1926, Moses Green
and Leroy Wingate, two colored men, went to the store of one David
Peele, a merchant at Aycock's Crossing, in Wilson County, and entered
his place of business ostensibly for the purpose of making a purchase of
a shirt and a pair of pants. Wingate stood at the door while Green
went into the store, though the State's witness was somewhat equivocal
as to which one entered the store and which one stood at the door. A
shirt was selected and a pair of pants examined, but the latter did not
prove satisfactory. As the merchant ·turned to wrap up the shirt, the
prisoner, Moses Green, whipped out his pistol, shot Peele just above the
heart and killed him almost instantly. No warning was given by the
prisoner of his purpose prior to the shooting, and both colored men left
the store immediately.

During the time Green and Wingate were in jail awaiting trial, both
made statements to the sheriff, in the absence of each other, as to how
the homicide occurred, each contending that the other did the shooting.
All the evidence was to the effect that the one who entered the store,

whether Green or Wingate, and not the one who remained at the door, shot the deceased.

At the close of the evidence, a verdict of "Not guilty" was directed in favor of the defendant Leroy Wingate.

With respect to the following statement made by Wingate to the sheriff and his deputy, while in jail, the prisoner, Moses Green, duly objected, and asked that it be excluded as evidence against him.

The officer testified: "He (Wingate) said that Green went into the store and called for a shirt, a blue shirt with a collar, and also a pair of pants; that he couldn't find any pants to suit him, but said he would take the shirt, and asked the man to wrap it up; that he (Wingate) called Green and said 'Let's go,' and when he looked, Green pulled his pistol out and fired; that he (Wingate) ran, and never saw Green any more until they brought him up to the jail."

This evidence was incompetent as against the prisoner, Moses Green, and should have been excluded as to him. It was highly prejudicial, we think, in view of the uncertainty of the State's witness as to which one of the defendants entered the store and did the shooting. Also, it would seem, that the prejudicial effect of the statement was accentuated by the court's action in directing a verdict of not guilty as to Leroy Wingate.

It is a rule, too firmly established to admit of debate, that the declaration of a third person, not an agent of the party sought to be affected, made in the absence of such party, is inadmissible as hearsay. *Daniel v. Dixon,* 161 N. C., 377; *Redman v. Roberts,* 23 N. C., 479. *Res inter alios acta alteri nocere non debet.* "Things done between strangers ought not to injure those who are not parties to them." Co. Litt., 132; McKelvey on Evidence, pp. 129 and 203.

Speaking to the question in *S. v. Lassiter,* 191 N. C., 210, *Brogden, J.,* delivering the opinion of the Court, said: "The inherent vice of hearsay testimony consists in the fact that it derives its value, not from the credibility of the witness himself, but depends upon the veracity and credibility of some other person from whom the witness got his information." This is the general rule, supported by all the authorities on the subject. There are, of course, exceptions to the rule, not now necessary to be considered, as the evidence here complained of falls under none of them.

For the error, as indicated, there must be a new trial; and it is so ordered.

New trial.