## STATE v. EUGENE CASEY.

(Filed 3 November, 1937.)

**1. Jury § 9: Criminal Law § 81a—**

The trial judge has the discretionary power to issue a writ of *venire facias*, C. S., 2338, instead of directing the jurors to be drawn from the jury box, and the court's action in issuing the writ is not reviewable in the absence of abuse of discretion.

**2. Homicide § 20—**

In a prosecution for homicide, testimony of a witness that she was going with deceased and one of defendants, is competent, as against the defendant identified, for the purpose of showing motive.

**3. Criminal Law § 48b—**

Where evidence is competent as against one defendant only, an exception of the other defendant to its general admission cannot be sustained in the absence of a request by him at the time that its purpose be restricted.

**4. Homicide § 18—**

A statement by a person fatally wounded that "If you don't do something for me, I am going to die right now," is insufficient predicate for the admission of his subsequent declarations as dying declarations, since the statement does not show an unqualified belief by him that he was going to die.

**5. Homicide § 2—Defendant present and aiding and abetting commission of crime is equally guilty with actual perpetrator.**

Where the State contends on its evidence that one defendant killed deceased and the other defendant aided and abetted the commission of the crime, and such other defendant contends that, while present, he did nothing to aid or abet, the defendant charged with aiding and abetting may be acquitted, or may be found guilty of the same degree of the crime as the other defendant, but the two defendants cannot be found guilty of different degrees of the crime, and a charge and statement to the jury to this effect is not error.

APPEAL by defendant from *Cranmer, J.*, at April Term, 1937, of CRAVEN. No error.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*William Dunn, Jr., J. A. Jones and Allen & Allen for defendant, appellant.*

SCHENCK, J.  Eugene Casey and his codefendant, Carl Hill, were convicted on a joint bill of indictment of murder in the second degree and appealed to the Supreme Court.  The defendant Hill abandoned his appeal.

The first group of assignments of error relate to the issuing to the sheriff of a writ of *venire facias,* commanding him to summons the jurors instead of directing the jurors to be drawn from the jury box. These assignments are untenable, since the issuing of a writ of *venire facias,* by C. S., 2338, is placed in the discretion of the trial judge, and his action in issuing the writ is not reviewable, in the absence of abuse of his discretion.  *S. v. Smarr,* 121 N. C., 669 ; *S. v. Brogden,* 111 N. C., 656.

The second group of assignments of error relate to the refusal of the court to exclude the testimony of the witness Miss Grace O'Neill to the effect that she "was going with Hill (the codefendant of the appellant) and English (the deceased) both."  This evidence was competent against Hill to show motive, and the record fails to show that the appellant ever asked the court to restrict the purpose for which the evidence was admitted, but contented himself with a general objection thereto.  Rules of Practice in the Supreme Court, 21, 200 N. C., 827, in part reads : "  .  .  .  nor will it be ground of exception that evidence competent for some purposes, but not for all, is admitted generally, unless the appellant asks, at the time of admission, that its purpose shall be restricted."  *S. v. Hendricks,* 207 N. C., 873.  These assignments cannot be sustained.

The third group of assignments of error relate to the court's refusal to allow the testimony of the witness Miss Sue Hargett as to what the appellant contends was a dying declaration of the deceased.  The witness testified that the deceased, a short time prior to his death, said : "If you don't do something for me, I am going to die right now."  This statement did not lay the proper foundation or predicate for the introduction in evidence of the other declarations of the deceased, since it failed to establish that the deceased at the time of the utterance knew that he was *in extremis,* or had given up all hope of recovery.  "An undoubting belief existing in the mind of the declarant at the time the declarations are made, that the finger of death is upon him, is indispensable to that sanction which the law exacts, and therefore if it shall appear, in any mode, that there was a hope of recovery, however faint

it may have been, still lingering in his breast, that sanction is not afforded, and his statement cannot be received." 1 R. C. L., par. 82, p. 539.

The fourth and final group of assignments of error relate to a negative reply given by the court to a question propounded by a juror as to whether the jury could return a verdict of guilty of murder in the second degree as to one defendant and guilty of manslaughter as to the other. Upon the evidence and the theory upon which the case was tried this was a proper reply, and the instruction given therein was without error. The State's evidence tended to show and the contention of the State was that the defendant Hill fatally stabbed the deceased in the breast, and that the appellant Casey was present aiding and abetting. Casey's contention was that while he was nearby he did nothing to aid and abet the defendant Hill. The court instructed the jury that they could convict both of the defendants of murder in the second degree, or both of manslaughter, or acquit both of the defendants, or they could convict one and acquit the other, and if the evidence failed to satisfy them beyond a reasonable doubt that the appellant Casey was present, aiding and abetting Hill, that they should return a verdict of not guilty as to Casey. This was a correct charge and rendered it proper in response to the question of the juror to instruct the jury that they could not convict one of the defendants of murder in the second degree and the other of manslaughter, for manifestly if the appellant Casey was guilty of anything he was guilty of the same offense of which Hill was guilty. "Where two persons aid and abet each other in the commission of a crime, both being present, both are principals and equally guilty." *S. v. Jarrell,* 141 N. C., 722.

We find on the record,

No error.