## STATE v. FRANK BRIGHT.

(Filed 3 May, 1939.)

**1. Homicide § 18a—**

Testimony of a dying declaration is competent when the declarant, at the time he makes the statement, is in actual danger of impending death, has full apprehension of such danger, and death ensues.

**2. Same—**

The fact that declarant entertains a hope of recovery subsequent to the time of making the declarations does not render the declarations incompetent.

**3. Same—**

When proper predicate is laid for the admission of testimony of dying declarations, the statements are not rendered incompetent by the fact that immediately thereafter declarant made a statement to another disclosing that declarant did not feel certain that death impended.

**4. Homicide § 18b—**

The remoteness of a threat goes to its weight and not to its competency.

**5. Same—**

Evidence in this case *held* sufficient to show continuing threats from the time of the threat made by defendant two years prior to the homicide, and defendant's objection to testimony of the prior threat is not sustained.

**6. Criminal Law § 81c—**

Objection to the admission of testimony cannot be sustained when the witness gives the same testimony on cross-examination without objection.

**7. Homicide § 5—**

Murder in the second degree is the unlawful killing of a human being with malice, but without premeditation and deliberation.

**8. Homicide § 7—**

Manslaughter is the unlawful killing of a human being without malice and without premeditation and deliberation.

**9. Homicide § 16—**

When the intentional killing of a human being with a deadly weapon is admitted or established, the law implies malice, constituting the offense murder in the second degree, nothing else appearing, and places the burden upon the defendant to establish matters in mitigation or excuse.

**10. Homicide § 27b—**

An instruction that upon the admission or proof of the intentional killing of a human being with a deadly weapon, the burden is on defendant to prove from "all the evidence" matters in mitigation or excuse to the satisfaction of the jury, *is held* not error, the court having fully and correctly charged the jury on the law relating to defendant's plea of self-defense.

APPEAL by defendant from *Carr, J.,* at January Term, 1939, of BEAUFORT.

Criminal action upon indictment charging defendant with the murder in the first degree of one Osborne Cayton.

Upon the case being called for trial, the solicitor for the State announced that he would not ask for a verdict of murder in the first degree, but would ask for a verdict of murder in the second degree, or manslaughter, as the jury might find the facts to be.

The evidence tends to show that Osborne Cayton was shot between 11:10 and 11:30 o'clock on the night of 22 November, 1938; that he was taken to the hospital by Harold Bateman, arriving there shortly after midnight; and that he died at half-past three on the morning of 23 November.

The State offered no witnesses as to the shooting, but introduced testimony as to statements of Osborne Cayton with respect to the circumstances under which he was shot by defendant; that he went to home of defendant and called him; that after answering the call defendant, without warning, shot him through the door. Exception by defendant. The State also introduced evidence tending to show threats made by defendant against the deceased. Exception by defendant.

Defendant, while he did not testify, admitted the killing with a deadly weapon, to wit, a pistol, but pleaded justification upon the ground of self-defense, contending that the deceased was making a felonious assault upon him or members of his family, late at night at defendant's home. Defendant offered members of his family as witnesses in an effort to show that deceased attacked him and, after being expelled from the house, went to his truck, turned back and was again trying to get into the house when defendant shot him through the door.

Verdict: Guilty of manslaughter.

Judgment: Confinement in State Prison for not less than seven nor more than ten years.

Defendant appealed therefrom to the Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*
*Gholson & Gholson and Carter & Carter for defendant, appellant.*

WINBORNE, J. Defendant assigns error in the trial below upon three grounds:

1. The admission of evidence as to dying declarations of deceased.

2. The admission of evidence of a threat two years prior to the homicide.

3. Portions of the charge with respect to burden on defendant when an intentional killing is admitted or established.

Careful consideration of the record on this appeal fails to disclose prejudicial error in any of these respects.

1. State's witness, Harold Bateman, testified that the deceased, Osborne Cayton, after he was shot and while on the way to the hospital and again while on the operating table in the hospital, told him that he was going to die and he "couldn't over it." The witness was then permitted to testify with respect to statements of the deceased as to the circumstances of the shooting. The witness further stated that, after the deceased made the statement while on the operating table, he left the room, and that as he went out he met deputy sheriff Bryan Marslender going into the room. Later the deputy sheriff testified that he spoke to Osborne Cayton in the operating room, and, upon asking "how he was," Cayton said to him—"I'm in mighty bad shape; I don't know whether I will over this or not."

Defendant contends that admitting for the sake of argument that Bateman's testimony standing alone would be competent, it must be taken in connection with the testimony of the deputy sheriff which he contends shows that at the time, and prior thereto, deceased did not know he was going to die, but had strong hope of recovery, and that a declaration made without fear of immediate death is not competent against defendant upon the trial.

The rule for the admission of dying declarations is well settled. The declarant at the time he made the statement should have been in actual danger of impending death and in full apprehension of such danger, and death should have ensued. *S. v. Tilghman,* 33 N. C., 513; *S. v. Mills,* 91 N. C., 581; *S. v. Caldwell,* 115 N. C., 794, 20 S. E., 523; *S. v. Williams,* 185 N. C., 643, 116 S. E., 570; *S. v. Casey,* 212 N. C., 352, 193 S. E., 411.

In *S. v. Casey, supra,* quoting from Ruling Case Law, it is said:
"'An undoubting belief existing in the mind of the declarant at the time

the declarations are made, that the finger of death is upon him, is indispensable to that sanction which the law exacts, and, therefore, if it shall appear, in any mode, that there was a hope of recovery, however faint it may have been, still lingering in his breast, that sanction is not afforded, and his statements cannot be received.' 1 R. C. L., 82, p. 539."

But, if at the time the statements are made the declarant is in, and is fully apprehensive of actual danger of death, a hope of recovery at a subsequent time will not render incompetent statements which were competent when made. *S. v. Tilghman, supra; S. v. Mills, supra; S. v. Caldwell, supra.*

In the present case the statements of deceased as disclosed by the testimony of the witness Bateman unequivocally showed that he was fully apprehensive of the actual danger of death at the time the statements were made. The evidence shows that he was in such danger, and death ensued.

2. Defendant contends that evidence of a threat made by defendant against deceased two years prior to the homicide, being unconnected with it by intermediate threats, is incompetent.

The fact that the threat, to evidence of which exception is taken, was made two years before the homicide does not render such evidence incompetent as a matter of law. The remoteness goes only to the weight of the evidence, and not to its competency. 8 R. C. L., 187; *S. v. Merrick,* 172 N. C., 870, 90 S. E., 257; *S. v. Payne,* 213 N. C., 719, 197 S. E., 573; *S. v. Hawkins,* 214 N. C., 326, 199 S. E., 284.

If it should be conceded that evidence of continuing threats is essential to the competency of a threat made two years prior to the homicide, we think there is sufficient evidence on this record to meet such test. The witness Charlie Lewis testified that a month before the shooting, in conversation about reporting on a still in which deceased was interested, and speaking of deceased, defendant said "he would have settled with him if he had got caught." Again, the witness Tom Whitfield testified that "a week and one day" before Cayton was shot defendant said: " 'You hear what I said,' . . . if Cayton messed with him he would kill him."

If the evidence of the threat made two years previously, admitted over objection, were incompetent, defendant cannot now avail himself of the objection, as the record discloses that the same witness gave the same testimony on cross-examination without objection. *Smith v. R. R.,* 163 N. C., 143, 79 S. E., 433; *Shelton v. R. R.,* 193 N. C., 670, 139 S. E., 232; *Owens v. Lumber Co.,* 212 N. C., 133, 193 S. E., 219, and numerous other cases.

3. Defendant directs exception to this part of the charge of the court: "(When it is admitted or when it is proved to the satisfaction of the

jury beyond a reasonable doubt that the defendant shot and killed the deceased with a deadly weapon, to wit, a pistol, malice is presumed in law, and, nothing else appearing, the defendant, that having been either admitted or proved [beyond a reasonable doubt to the satisfaction of the jury], would be guilty of murder in the second degree, unless the defendant satisfies you from the evidence, not beyond a reasonable doubt, nor by the greater weight of the evidence, but simply satisfies you from all the evidence that the killing was done without malice, and if you are satisfied from all the evidence, not beyond a reasonable doubt, nor by the greater weight of the evidence, but simply satisfied that the killing was done without malice, then that would rob the charge of malice and reduce it from murder in the second degree to manslaughter, and if you find beyond a reasonable doubt that the defendant killed the deceased with a deadly weapon, to wit, a pistol, and I charge you gentlemen that a pistol is a deadly weapon, or if it has been admitted by the defendant, and you are satisfied from his admission beyond a reasonable doubt that he did kill the deceased with a deadly weapon, to wit, a pistol, and you are satisfied from the evidence that there was no malice in the killing of the deceased, then nothing else appearing, the defendant under that situation would be guilty of the crime of manslaughter, unless you are satisfied [the burden being upon him to satisfy you from all the evidence that the killing was justifiable or excusable for some legal reason].)"

Here defendant bases assignment upon this question: "When defendant admits the killing with a deadly weapon, is the burden upon him to satisfy the jury *from all the evidence* that the killing was justifiable or excusable for some legal reason?"

Murder in the second degree is the unlawful killing of a human being with malice, but without premeditation or deliberation. Manslaughter is the unlawful killing of a human being without malice and without premeditation and deliberation.

The intentional killing of a human being with a deadly weapon implies malice and, if nothing else appears, constitutes murder in the second degree. When this implication is raised by an admission or proof of the fact of killing, the burden is on the defendant to show to the satisfaction of the jury facts and circumstances sufficient to reduce the homicide to manslaughter, or to excuse it. *S. v. Capps,* 134 N. C., 622, 46 S. E., 730; *S. v. Quick,* 150 N. C., 820, 64 S. E., 168; *S. v. Gregory,* 203 N. C., 528, 166 S. E., 387; *S. v. Terrell,* 212 N. C., 145, 193 S. E., 161; *S. v. Robinson,* 213 N. C., 273, 195 S. E., 824; *S. v. Moseley,* 213 N. C., 304, 195 S. E., 830.

With respect to the burden which, under such circumstances, is upon the defendant to show to the satisfaction of the jury facts and circumstances sufficient to reduce the homicide to manslaughter or to excuse it,

this Court has expressed the rule in different phraseology. In *S. v. Miller,* 112 N. C., 878, 17 S. E., 167, *Avery, J.,* uses this language: "He must satisfy the jury, if he can do so, from the *whole of the testimony as well that offered for the State as for the defense,* that matter relied on to show mitigation or excuse is true," citing authorities. (Italics ours.)

In *S. v. Quick, supra, Brown, J.,* expresses it in this way: "The burden is on the defendant to establish such facts to the satisfaction of the jury, *unless they arise out of the evidence against him."* This language is quoted in *S. v. Gregory,* 203 N. C., 528, 166 S. E., 387.

The court properly and fully charged the jury on the law relating to defendant's plea of self-defense. The use of the clause "the burden being upon him to satisfy you that upon all the evidence the killing was justifiable or excusable for some legal reason" cannot be held for error. In considering the conduct of the defendant in the light of the facts and circumstances as they appeared to him at the time he committed the act, as to whether he had reasonable apprehension that he was about to lose his life or to receive enormous bodily harm, the defendant is entitled to have the jury consider all of the evidence. Certainly, if the court had charged the jury that only evidence introduced by the defendant should be considered, error would be manifest.

No error.