STATE v. CHARLES T. SUTTON.

(Filed 6 June, 1945.)

**1. Criminal Law §§ 31f, 41e: Evidence § 18—**

Evidence of prosecutrix, in a trial on an indictment charging rape, that, when confronted with defendant in the sheriff's office the day after the alleged crime was committed, she said "that is the man," and that defendant made no denial or reply, was clearly competent for the purpose of corroborating the witness' former testimony that defendant was the man who assaulted her.

**2. Evidence § 27: Criminal Law § 48b—**

Evidence competent for one purpose is, in the absence of a request to restrict it to the one purpose, admissible generally; and the court, in the absence of a request to restrict, is not required to do so.

**3. Rape § 1c—**

Prosecutrix' evidence, on a trial for rape, as to what became of her pants and sanitary pad, was competent to show why these articles were not introduced in evidence.

**4. Same—**

The exclusion of testimony of prosecutrix, on cross-examination, relative to her testimony theretofore given as to whether she knew the penalty for the crime of rape, was not prejudicial to defendant.

**5. Same: Criminal Law § 41e—**

The testimony of a witness, as to her impressions and suggestion by her that the prosecuting witness, in a trial for rape, go to a doctor for examination, was competent when offered for the purpose of corroborating the prosecutrix, where the court fully instructed the jury that it should receive the testimony only for that purpose and not as substantive evidence, if they found it did in fact so corroborate the evidence of prosecutrix.

**6. Criminal Law § 32a—**

There was no error, on trial for rape, in excluding evidence, sought to be elicited from a witness on cross-examination by defendant's counsel, as to the crowded condition of a certain highway about the time of the alleged crime, it nowhere appearing that there were any people at or near the scene of the alleged crime at the time of its commission and all the evidence for the State tending to show that such crime was committed on a side road, off the said highway.

**7. Criminal Law § 41b—**

An exception by defendant, in a prosecution for rape, to the court's permitting a State's witness, over objection, to testify to a statement made to him by defendant's sister-in-law, in the absence of defendant, as to where defendant worked, is untenable for the reason that the statement assailed was in direct answer to an interrogatory propounded by defendant's counsel.

**8. Criminal Law § 41e—**

Where the solicitor, in a criminal prosecution, objects to questions asked a witness, for the purpose of corroborating the defendant before the defendant has been upon the stand, it is clearly within the discretion of the court as to whether or not it will admit such evidence, even after assurance that defendant will be examined as a witness.

**9. Appeal and Error § 29—**

Exceptions to evidence are deemed abandoned, when the party so excepting fails in his brief to give reason, authority or argument in support thereof.

**10. Rape § 1d—**

In a criminal prosecution for rape, where the State's evidence tends to show that prosecutrix was waiting for a bus to go to her work in a near-by town, when the defendant stopped his car and offered to give her a ride therein to her work, and on her acceptance took her instead off the main road to town and into a side road, there feloniously assaulting and ravishing her, threatening her with death should she tell anyone, and thereafter dropping her near her work to which she immediately went and told her fellow employees what had occurred and the next day identified the defendant on sight in the sheriff's office, there is ample evidence for a jury, and motion to nonsuit and to dismiss the action, G. S., 15-173, properly denied.

**11. Criminal Law §§ 54b, 59, 65—**

Where there is sufficient evidence to support the verdict and judgment, in a capital case, exceptions to the court's refusal to set aside the verdict and to the judgment, are untenable, the granting of the motion to set aside the verdict being in the discretion of the court and the verdict furnishing sufficient predicate for the judgment.

**12. Criminal Law § 53b—**

An exception, that the court did not state the law relative to circumstantial evidence, is untenable where the State did not rely primarily on circumstantial evidence, but upon direct evidence of positive identification of defendant and of the fact that defendant committed the crime of rape upon prosecutrix.

**13. Same—**

Recapitulation of all the evidence is not demanded, and the requirements of the statute in this respect are met by presentation of the principal features of the evidence relied on respectively by the prosecution and defense. An omission from the charge of an important feature of the evidence should be called to the attention of the court before the verdict is returned.

APPEAL by defendant from *Burgwyn, Special Judge,* at October Special Term, 1944, of NEW HANOVER.

The defendant was tried upon a bill of indictment charging that he "did unlawfully, wilfully and feloniously ravish and carnally know Mrs. Walter Sansbury, a female, by force and against her will."

The State offered evidence, including the testimony of the prosecuting witness, which tended to show that on 1 August, 1944, the prosecuting witness was waiting to catch a bus at the bus stop in Maffitt Village at about 3:00 o'clock p.m., to come to her work with the Western Union Telegraph Company in Wilmington; that while she was standing at the bus stop the defendant drove up in a Dodge automobile and offered to bring her into Wilmington and she accepted his offer and got into his automobile with the defendant; that she told defendant where she was going, and defendant instead of taking her to her work in Wilmington

turned off the highway into a side road, and there by force and against
her will had carnal intercourse with her in the automobile; that she
protested and defendant threatened to kill her if she told anyone of what
he had done; that defendant then drove her into Wilmington and let her
out of his automobile near the telegraph office where she worked; that
she went into the telegraph office and there told her fellow employees of
what had happened; that the next day in the sheriff's office she, the
prosecuting witness, identified the defendant as the man who had as-
saulted her.

The defendant offered evidence, including his own testimony, which
tended to show that he, in company with his brother and another, on
31 July, 1944, left Wilmington for Fort Bragg for the purpose of pur-
chasing a truck from the Government, that he spent the night of 31 July
at the home of another brother, Major Sutton, about 70 miles from
Fort Bragg, and left there between 9 and 9:30 the next morning and
went in to Fort Bragg, and then and there found that the truck had been
sold, and they started back home, leaving Fort Bragg about 12 or 12:30
o'clock, losing about 40 minutes between Fort Bragg and Fayetteville
when they stopped to lend their jack to a man on the highway; they got
to Fayetteville and stayed there doing some shopping and seeking to
have some repairs made on the car, and left Fayetteville about 2:35
o'clock p.m., and came on until they got within 25 or 30 miles of Wil-
mington and stopped at a place called Acme at about 4:00 o'clock to get
something to eat; they then came directly to Wilmington and went to the
defendant's brother's store, getting there about 10 minutes after five
o'clock, and defendant took his sister-in-law and two children to their
home on Vance Street, Maffitt Village, and then defendant immediately
came back to his room and took a bath; that defendant was not in Wil-
mington between the afternoon of 31 July, 1944, and 10 minutes after
five o'clock 1 August, 1944; that between 2:35 o'clock p.m., 31 July, and
5:10 o'clock p.m., 1 August, he was on the road between Fayetteville and
Wilmington, and the distance between these two towns is about 90 miles;
that the first the defendant knew of the accusation against him was when
he was informed thereof by an officer on the afternoon of 2 August,
1944, and was at the same time warned by the officer that anything he
said would be used against him in court.

The jury returned a verdict of "Guilty of an Assault with intent to
Commit Rape," and from judgment of imprisonment, predicated on the
verdict, the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes
and Moody for the State.*

*Rivers D. Johnson for defendant, appellant.*

SCHENCK, J. This case presented a clear-cut question of fact for the jury's decision, namely, was the defendant in or near Wilmington between 3 and 5 o'clock on the afternoon of 1 August, 1944, and did he commit an assault upon the prosecuting witness at that time? This question, by their verdict, was answered by the jury in the affirmative. Upon appeal from the judgment of imprisonment predicated on the verdict the defendant in his brief sets forth the assignments of error relied upon by him for reversal or a new trial, and we will endeavor to discuss the assignments in the order they are contained in appellant's brief.

Exceptions Nos. 1 and 2 are to the court's allowing the prosecuting witness, over objection by defendant, to testify that when confronted with the defendant in the sheriff's office the day after the alleged assault upon her she said "that was the man," and that the defendant made no denial or reply. Without deciding the question as to whether the failure to make denial or reply by the defendant of such accusation in view of the statements made to the defendant by the deputy sheriff that what he said would be used against him in court, could be considered by the jury as evidence against him, the evidence objected to was clearly competent for the purpose of corroborating the witness' former testimony that the defendant was the man who had assaulted her, and being competent for one purpose was admissible generally in the absence of a request that the evidence be restricted. Rule 21, Rules of Practice, Supreme Court, 221 N. C., 558; *S. v. Tuttle,* 207 N. C., 649, 178 S. E., 76; *S. v. Casey,* 212 N. C., 352, 193 S. E., 411; *S. v. Hawkins,* 214 N. C., 326, 199 S. E., 284; *S. v. Shepherd,* 220 N. C., 377, 17 S. E. (2d), 469.

Exception No 3 was to the failure of the court to exclude the testimony of the prosecuting witness as to what became of her pants and sanitary pad. The effect of this testimony was simply that the pad had disappeared and that her sister had burned the pants. This evidence was competent to explain why these articles were not introduced in evidence. In any event, it is not perceived how this evidence could be prejudicial to the defendant, and the defendant in his brief states no reason or argument nor cites any authority in support of the exception and therefore it should be taken as abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 562-3.

Exceptions Nos. 4 and 5 are to the exclusion of the testimony of the prosecuting witness, on cross-examination, relative to her testimony theretofore given in evidence as to whether she knew the penalty for the crime of rape. It is not perceived how the exclusion of this evidence was in any way prejudicial to the defendant, and also no reason or argument is stated nor authority cited in the appellant's brief to support

the exceptions, and they should therefore be taken as abandoned. Rule 28, *supra.*

Exceptions Nos. 6 and 7 relate to the testimony of the witness, Mrs. Patterson, who was allowed to testify as to her impressions and suggestion by her that the prosecuting witness go to a doctor for examination. This witness was offered for the purposes of corroborating the prosecuting witness and the court fully instructed the jury that it should receive her testimony only for that purpose and not as substantive evidence if they found it did in fact tend to corroborate the prosecuting witness' testimony. The evidence assailed by the exceptions appears to have been competent for the purpose of corroborating the prosecuting witness, but, however this may be, the jury were definitely instructed not to consider it if it did not corroborate her—that it was not substantive evidence. These exceptions cannot be sustained.

Exception No. 8 was to the exclusion of certain evidence, on cross-examination, of the witness Yopp, a deputy sheriff, sought to be elicited by counsel for the defendant to show the condition of the storm and of the traffic conditions on the Carolina Beach Road, when the people were being evacuated from the beach, and to show that there were many people on the highway. The record discloses that the witness, if permitted to answer the interrogatories propounded would have answered that he knew the army had ordered trucks to evacuate the people on the beach, but he did not see any on the road, they did actually evacuate people from the beaches, both the Carolina and the Wrightsville Beach. This place was out on the Carolina Beach Road. The exclusion of this testimony was harmless as it nowhere states that there were any people at or near the scene of the alleged crime at the time of its commission which all the evidence of the State tends to show was about 3:30 o'clock p.m., off from the Carolina Beach Road.

Exception No. 9 was to the court's permitting the witness Yopp, deputy sheriff, over objection by defendant, to testify to a statement made to him by Mrs. B. F. Sutton, sister-in-law of defendant, in the absence of the defendant as to where the defendant worked. This exception is untenable for the reason that the statement assailed was in direct answer to an interrogatory propounded by the defendant's counsel. The witness was asked by the counsel for defendant to explain why he called the shipyard and dry dock when he says he already knew he (defendant) worked at the Ice Cream Company, and he replied that Mrs. B. F. Sutton stated she thought her brother-in-law worked at the dry docks. The defendant in his brief states no reason or argument nor cites any authority in support of the exception and therefore it should be taken as abandoned. Rule 28, Rules of Practice in the Supreme Court, *supra;*

and further it is not perceived how the evidence involved was in any wise prejudicial to defendant's cause.

Exception No. 11 was to the court's sustaining an objection by the State to the testimony of Mrs. B. F. Sutton, a sister-in-law of the defendant, to the effect that the defendant told her that he had been to Fayetteville. The evidence was offered for the purpose of corroborating the defendant, although the defendant had not at the time been examined as a witness. The court had prior thereto permitted the witness to testify in advance in corroboration of the defendant in regard to certain matters, upon the assurance that the defendant would be placed upon the stand as a witness later on, but when the solicitor objected to certain questions asked the witness in corroboration of the defendant it was clearly within the discretion of the court as to whether to admit the evidence in advance of the testimony which it was offered to support. The cause of the defendant could have been in no wise prejudiced by the exclusion of the evidence, since it was competent only for the purpose of corroboration and the witness whom it was offered to corroborate had not testified. The defendant could have obtained the benefit of this evidence by introducing it after the witness whose testimony she sought to corroborate had testified.

Exception No. 12 was to the exclusion of a letter from the Treasury Department. The defendant in his brief states no reason or argument nor cites any authority in support of his exception and it is therefore taken as abandoned. Rule 28, supra.

Exception No. 13 relates to an interrogatory by the solicitor to the witness M. C. Sutton as to what time he (witness) and the defendant got to Fort Bragg. No reason or argument is stated nor any authority cited in defendant's brief in support of this exception. It is therefore taken as abandoned. Rule 28, supra.

Exceptions Nos. 10 and 14 are to the court's refusal to sustain defendant's motion to nonsuit and to dismiss the action duly lodged under G. S., 15-173. These exceptions are untenable for the reason that the testimony of the prosecutrix alone was sufficient evidence to carry the case to the jury upon the charge in the bill of indictment.

Exceptions Nos. 15 and 16 relate to the court's refusal to allow the defendant's motion to set aside the verdict and to the judgment imposed. These exceptions are untenable for the reason that there was ample evidence to support the verdict and the verdict supported the judgment; and the granting of the motion to set aside the verdict was in the discretion of the court and the verdict furnished sufficient predicate for the judgment.

Exception No. 17 relates to the contention of the defendant that the court failed in its charge to review the evidence and to explain to the

STATE v. SUTTON.

jury the defendant's contention as to why he did not deny the prosecuting witness' identification of him as the perpetrator of the crime charged in the bill of indictment. We are of the opinion that the court in its charge gave the defendant the full benefit of all the evidence in his favor, and at the end of the charge the court specifically inquired if there were further contentions by the defendant and the counsel for defendant stated that there were not. The evidence which the defendant contends should have been elaborated upon as to the silence of the defendant when identified by the prosecutrix as her assailant was competent for other purposes than identification, as aforesaid for the purpose of corroborating the prosecutrix, and being competent for one purpose it was, in the absence of a request to restrict it to the one purpose, admissible generally, and the court, in the absence of a request to restrict the purpose of the evidence, was not required to do so.

Exception No. 18 relates to the defendant's contention that the court did not state the law relative to circumstantial evidence. This exception is untenable for the reason that the State did not rely primarily upon circumstantial evidence, but upon direct evidence of positive identification of the defendant and of the fact that the defendant committed the crime of rape upon the prosecutrix. S. v. Wall, 218 N. C., 566, 11 S. E. (2d), 880, and cases there cited.

In S. v. Graham, 194 N. C., 459, 140 S. E., 26, it is written: ". . . that recapitulation of all the evidence is not demanded and that the requirements of the statute in this respect are met by presentation of the principal features of the evidence relied on respectively by the prosecution and the defense. An omission from the charge of an important feature of the evidence should be called to the attention of the court before the verdict is returned. . . . S. v. Grady, 83 N. C., 643; S. v. Pritchett, 106 N. C., 667; Boon v. Murphy, 108 N. C., 187; S. v. Ussery, 118 N. C., 1177."

The defendant has been convicted of a heinous and sordid crime but is fortunate that he was found guilty of only a lesser degree of the offense charged in the bill of indictment. The jury might well have found him guilty of the capital offense of rape, for as in S. v Hairston, 222 N. C., 455, 23 S. E. (2d), 885, the defendant does not controvert the fact that the prosecutrix was raped, but merely offers evidence of an alibi, so that the jury might well have returned a verdict of guilty of the capital offense.

On the record we find

No error.