### STATE v. JIM M. ENSLEY.

(Filed 10 December, 1947.)

**1. Homicide § 18—**

A statement is competent as a dying declaration if declarant at the time he makes the statement is in· actual danger of impending death and fully apprehends such danger, and death ensues.

**2. Same—**

Where declarant, mortally wounded, dies about 20 minutes after making a statement revealing his full apprehension of his condition and describing his assailant and denying provocation on his part for the assault, the statement is competent as a. dying declaration.

**3. Criminal Law § 42c—**

Action of the court in limiting cross-examination of witnesses *held* not reversible error on defendant's exceptions.

**4. Criminal Law § 81c (2)—**

Where the charge construed contextually is without prejudicial error, exceptions thereto will not be sustained.

APPEAL by defendant from *Bone, J* , at June Criminal Term, 1947, of CUMBERLAND.

Criminal prosecution upon a bill of indictment charging that defendant "feloniously, willfully and of malice aforethought, did kill and murder one Ottis M. Draughan, against the form of the statute, etc."

The Solicitor for the State announced that he was not asking for a verdict greater than murder in the second degree,—and defendant, through his counsel, pleaded "Not Guilty."

Verdict: Guilty of murder in the second degree.

Judgment: Imprisonment in State's Prison for a term of not less than 10 years nor more than 15 years.

Defendant appeals to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*John H. Cook, R. Glenn Cobb, and James R. Nance for defendant, appellant.*

WINBORNE, J. The assignments of error brought up on this appeal, upon careful consideration, fail to show prejudicial error.

1. Exception is taken to the admission of evidence offered as dying declarations of deceased. The wife of deceased visited him at the hospital between 11:30 and 12 o'clock the night he was shot. She testified: "When I saw him . . . he was laying there with his eyes closed and I stood there from three to five minutes and he didn't open his eyes . . . He said, 'Well, Honey, it looks like I am going to leave you . . . Take care of the little one.'

"After he made the statement that I just related to you, I asked him who shot him and he said he didn't know. He described him to me. He said he didn't know his name,—the name of the man who shot him but he said he was a short, stout man with a mustache.

"I asked him why he shot him and he said he didn't know. I said, 'He wouldn't have shot you for nothing. You must have said or done something.' He said 'I swear, Honey, I didn't say a word to him.'"

Defendant excepted to denial of each of his motions to strike the parts embraced in the last two paragraphs.

The witness further testified that she stayed a little while longer and told him good-bye and left and that he died about twenty minutes after she left.

The rule for the admission of dying declarations is well settled. The declarant at the time he makes the statement must be in actual danger of impending death, and in full apprehension of such danger, and death must ensue. *S. v. Bright,* 215 N. C., 537, 2 S. E. (2d), 541, and cases cited. See also *S. v. Stewart,* 210 N. C., 362, 186 S. E., 488.

Tested by this rule, the statement of deceased clearly shows that he was at the time fully apprehensive of the actual danger of death. The evidence shows that he was in such danger, and death ensued.

2. The exceptions taken to ruling of court in sustaining objections to questions asked on cross-examination of witnesses present no cause for reversible error.

3. The several portions of the charge to which exceptions are taken, when considered as component parts of the whole, read contextually, substantially accord with well settled principles of law, and are not of sufficient import to justify a new trial.

In the judgment below we find

No error.