### STATE v. JACK FRANKLIN AND FRANK THOMAS KEITH.

(Filed 17 September, 1958.)

**1. Criminal Law § 72—**

Where prosecution of two defendants for the same offense are consolidated for trial, testimony of statements made by one of them tending to incriminate both defendants, is competent solely against the defendant making the declarations and should be excluded as to the other defendant upon his objection thereto.

**2. Criminal Law § 90—**

Testimony competent as against one defendant but incompetent for any purpose as against the other defendant should be excluded as to such other defendant upon his general objection even in the absence of a request at the time that its admission be restricted. The rule requiring that where evidence is competent for a restricted purpose the objecting party must request at the time that its purpose be restricted, applies when the evidence is competent for one purpose but not for all purposes against the objecting party, and does not apply when the evidence is incompetent for any purpose against the objecting party. Rule of Practice in the Supreme Court No. 21.

**3. Criminal Law § 162—**

Error in overruling appellant's objection to the admission of evidence is not cured by an instruction of the court in the charge that such evidence should not be considered against appellant, there being no reference in the charge to the prior ruling and no instruction that the jury should disabuse their minds of any and all prejudicial impressions lodged by the incompetent evidence.

PARKER J., took no part in the consideration or decision of this case.

APPEAL by defendant Jack Franklin from *Sharp,* Special Judge, March Criminal Term, 1958, of BUNCOMBE.

Criminal prosecution on bill of indictment containing two counts, (1) forgery of a check, and (2) uttering a forged check, violations of G.S. 14-119, and G.S. 14-120. Both counts relate to a check for $16.00.

The State offered plenary evidence tending to show that the signature, purporting to be that of the maker, was a forgery, and that Frank Thomas Keith, the payee, endorsed the check and cashed it at the bank on which it was drawn. The State's contention, as to appellant, was that he forged the name of the purported maker and delivered the check to Keith to be cashed.

Verdict: Guilty on both counts.

Judgment: On first count, a prison sentence of not less than five nor more than seven years; and on second count, a prison sentence of not less than five nor more than seven years, the sentence on second count to commence on expiration of sentence on first count.

Defendant Jack Franklin excepted and appealed, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General McGalliard for the State.*

*John C. Cheesborough for defendant, appellant.*

BOBBITT, J. Appellant is the only person charged in the bill of indictment appearing in the record; and the agreed case on appeal states that "defendant Jack Franklin and codefendant Frank Thomas Keith were charged, upon a bill of indictment, as appears in the record, . . ." As to Keith, no indictment appears in the record. However, counsel for appellant, with commendable candor, stated on oral argument that Frank Thomas Keith was indicted in a separate bill containing identical charges and that, each defendant having pleaded not guilty, the cases were consolidated and tried together.

In *S. v. Kerley*, 246 N.C. 157, 161, 97 S.E. 2d 876, the applicable rule is stated as follows: "Where two or more persons are jointly tried, the extrajudicial confession of one defendant may be received in evidence over the objection of his codefendant(s) when, *but only when,* the trial judge instructs the jury that the confession so offered is admitted as evidence against the defendant who made it but is not evidence and is not to be considered by the jury in any way in determining the charges against his codefendant(s). *S. v. Bennett*, 237 N.C. 749, 753, 76 S.E. 2d 42, and cases cited. While the jury may find it difficult to put out of their minds the portions of such confessions that implicate the codefendant(s), this is the best the court can do; for such confession is clearly competent against the defendant who made it."

This occurred, according to the record, during the direct examination of Officer Holland:

"Q What did he (Keith) say about it? OBJECTION. OVER-RULED. EXCEPTION (No. 1) BY DEFENDANT FRANKLIN. A He said that Jack Franklin gave him the check and told him to go get it cashed. Q Did he tell you who had written the check? OBJECTION. OVERRULED. EXCEPTION (No. 2) BY DEFENDANT FRANKLIN. A He said that Jack Franklin wrote the check at his home — at Keith's home." On cross-examination, Holland testified that Franklin was not present when Keith made these statements. Thereupon, Franklin's counsel moved that all of this evidence be stricken out as to Franklin. According to the record, the court's only response to the motion was: "COURT: There is nothing in the record as to Jack Franklin." Exception (No. 3) was taken to the court's failure to instruct the jury not to consider Holland's testimony as evidence against Franklin.

This occurred, according to the record, during direct examination of Officer Moffitt: "Q What, if anything, did Keith tell you? OBJECTION BY DEFENDANT FRANKLIN. SOLICITOR: That is as to Keith, admitted only as to Keith. A Keith said that Jack Franklin was sitting in their kitchen, that is in Keith's kitchen, and wrote this check for $16.00, and he took it to the First National Bank in West Asheville and had it cashed. OBJECTION. OVERRULED. EXCEPTION (No. 4) BY DEFENDANT FRANKLIN." (Note: There is no contention that Franklin was present when Keith made these statements.)

While the comments by the court and solicitor raise serious questions as to whether the record accurately reflects the court's rulings, the quoted excerpts from the record require the interpretation that Franklin's objections were overruled; and, according to the record, no instruction was given when this evidence was received or at any time during the reception of evidence to the effect that it was not admitted as to Franklin but was for consideration only as against Keith.

Patently the testimony of the officers *as to what Keith told them* concerning Franklin's actions and statements, was wholly incompetent as to Franklin; and Franklin's objections to this testimony should have been sustained. *S. v. Green,* 193 N.C. 302, 136 S.E. 729. The prejudicial impact of this testimony on Franklin's case is apparent. (Note: Neither Keith nor Franklin testified at the trial.)

The State contends that, since this testimony was competent against Keith, appellant's general objection is insufficient to support his exception. This contention is based on the portion of Rule 21, Rules of Practice in the Supreme Court, 221 N.C. 558, which reads: ". . . nor will it be ground of exception that evidence competent for some purposes, but not for all, is admitted generally, unless the appellant asks,

at the time of admission, that its purpose shall be restricted."

We are constrained to hold that the quoted rule refers to a factual situation where the evidence is competent for some purpose, but not for all, *against the objecting defendant,* e.g., for the purpose of corroborating or contradicting the testimony of a witness. It was so applied in *S. v. Hawkins,* 214 N.C. 326, 199 S.E. 284; *S. v. Sutton,* 225 N.C. 332, 34 S.E. 2d 195; *S. v. Petry,* 226 N.C. 78, 36 S.E. 2d 653; *S. v. Gentry,* 228 N.C. 643, 46 S.E. 2d 863, cited by the State, and in numerous other cases. It has no application when, as in this case, the evidence is not competent for any purpose against the objecting defendant.

Frankness compels the admission that *S. v. Casey,* 212 N.C. 352, 193 S.E. 411, cited by the State, supports the State's contention. It is noted that *S. v. Hendricks,* 207 N.C. 873, 178 S.E. 557, the only case cited in *S. v. Casey, supra,* to support the ruling, involved a single defendant against whom the evidence in question was competent for the purpose of impeaching the defendant's testimony. No reference was made to *S. v. Green, supra,* where it was held that testimony as to statements made by his codefendant should, upon general objection, have been excluded as against appellant. In *S. v. Green, supra,* the State made, and the court rejected, the contention that appellant's general objection did not afford a sufficient basis for appellant's exception to the admission of evidence wholly incompetent as to him. On the particular point now considered, the rule adopted by this Court is in conformity with *S. v. Green, supra;* and *S. v. Casey, supra,* to the extent in conflict with *S. v. Green, supra,* and the present decision, is overruled.

Even so, the State contends that the error, if any, was cured by the instruction given in the charge. It appears that, after reviewing the testimony, including that of Officer Holland relating to what Keith had told him, the court, towards the end of the charge, gave this instruction: "Now, members of the jury, in considering the guilt or innocence of the defendant Franklin, you will not consider as against Franklin any statements made by the defendant Keith to the officers. Now, any statements which Keith made to the officers, you may consider as against the defendant Keith, but in passing upon the guilt or innocence of Franklin, you will consider only the evidence tending to show the statements which he made to Officer Moffitt himself." (Note: While Moffitt's testimony tended to show that Franklin had made incriminating statements, the prejudicial effect thereof fell far short of the prejudicial effect of the statements which, according to the officers, were made by Keith.)

If Franklin's objections had been sustained, this instruction would be entirely correct; but the record, which imports verity, confronts

us with the fact that Franklin's objections had been overruled and the testimony admitted without limitation or restriction.

It is quite plain that the learned trial judge was well aware that the officers' testimony as to what Keith said was wholly incompetent as against Franklin. Presumably, she was under the impression that Franklin's objections thereto had been sustained; but the record, by which we are bound, shows clearly that Franklin's objections had been overruled.

In the quoted instruction, no reference is made to the court's prior rulings on Franklin's objections. In this respect, it differs from a case where an erroneous ruling is subsequently and specifically reversed and the jurors instructed to disabuse their minds of any and all prejudicial impressions lodged by the incompetent evidence. Compare *S. v. Choate*, 228 N.C. 491, 46 S.E. 2d 476. Here the instruction as to the officers' testimony as to what Keith told them and the court's prior rulings on Franklin's objections thereto stand in irreconcilable conflict.

Conflicting instructions in a charge, if material and prejudicial, necessitate a new trial. *Owens v. Kelly*, 240 N.C. 770, 775, 84 S.E. 2d 163, and cases cited. The reasoning underlying these decisions supports equally the proposition that a new trial should be awarded when, in relation to material and prejudicial testimony, an irreconcilable conflict exists between the court's rulings whereby incompetent evidence is admitted and an instruction in the charge appropriate as incident to the sustaining of objections to such incompetent evidence.

If Franklin had been tried separately, the testimony of the officers as to what Keith said would not, under the rule then applicable, have come before the jury at all. The evidence, being competent against Keith, came before the jury trying Franklin's case solely because the two cases had been consolidated for trial. The incompetency of this evidence as to Franklin was not altered by the consolidation. He was entitled to have his objections sustained *and* an explicit instruction to the jury that such testimony was not to be considered by the jury in any way in determining the charges against him.

Defendant's assignment of error, directed to the refusal of the court to allow his motion for judgment of nonsuit, is without merit; but, for the reasons stated, defendant is entitled to a new trial

New trial.

PARKER, J., took no part in the consideration or decision of this case.