STATE OF NORTH CAROLINA v. CHARLES HUGH McEACHIN

No. 7316SC105

(Filed 28 March 1973)

Criminal Law § 95— codefendant's confession — admission against defendant — subsequent limiting instructions

In this joint trial of two defendants for distributing heroin, error in overruling defendant's objection to the admission of his codefendant's confession which implicated defendant was not cured by the court's instruction, given at the close of all the evidence, that such evidence could be used only against the declarant where there was no reference in the charge to the prior erroneous ruling and where there was no instruction that the jury should disabuse their minds of any and all prejudicial impressions lodged by the incompetent evidence.

APPEAL by defendant from McKinnon, Judge, 14 August 1972 Session of SCOTLAND County Superior Court.

Defendant McEachin and Anthony Wingate were both convicted of distributing heroin in violation of G.S. 90-95 (a) (1) which offense was alleged to have taken place on 14 February 1972 at Laurinburg Institute, Laurinburg, North Carolina.

The State offered testimony of several witnesses to the effect that an undercover police agent purchased two packages of white powder from the two defendants; that the powder was placed in the custody of the police at Lumberton, North Caro-

lina; that the substance was some time thereafter transmitted to the chemical laboratory of the State Bureau of Investigation in Raleigh, North Carolina, and that chemical analysis of one of the packages showed the white powder to be heroin.

Defendant McEachin testified that he did not possess or distribute any drugs on the night of 14 February 1972, and that he was not present when the undercover agent and defendant Wingate were talking together.

Defendant Wingate denied having sold the agent any drugs and testified that defendant McEachin was not present at the agent's automobile when he and the agent talked.

The defendants rested their cases, and the State offered rebuttal testimony of Wade Anders, an agent of the State Bureau of Investigation, who testified that after his arrest Wingate told Anders that he (Wingate) received drugs from New York, used McEachin and others to help sell the drugs, and that on 14 February 1972 both he and McEachin talked with the undercover agent about making a sale.

McEachin objected to the admission of this testimony against him, and requested that the trial court instruct the jury to consider the evidence only as to defendant Wingate. The objection and requested instruction were denied by the trial judge.

However, at the close of all the evidence, and before presentation of counsels' arguments to the jury, the trial judge did instruct as follows:

"In the testimony of the last witness, Mr. Anders, there was evidence of statements made to him by Wingate after his arrest, in which names and some references were made to McEachin. Wingate denies these statements were made to the Officer by him at any time. If you find statements or any parts of them were made, you would consider as against Wingate, for, if made out of the presence of McEachin, you would not consider against McEachin, but only as against the defendant Wingate."

*Attorney General Robert Morgan by Associate Attorney John M. Silverstein for the State.*

*Jennings G. King for defendant appellant McEachin.*

CAMPBELL, Judge.

Rules concerning the use and exclusion of hearsay evidence and the confrontation clause of the Sixth Amendment are generally designed to protect similar values. However, that is not to say that the confrontation clause is nothing more or less than a codification of the rules of hearsay. There may be a violation of the confrontation values even though the statements in issue were admitted under a hearsay exception, just as there may not be a violation of confrontation values in another case just because evidence has been admitted in violation of the hearsay evidence rules. *Dutton v. Evans,* 400 U.S. 74, 27 L.Ed. 2d 213, 91 S.Ct. 210 (1970).

However, since the Sixth Amendment's right of an accused to confront the witness against him is a fundamental right made obligatory on the states by the Fourteenth Amendment, *Pointer v. Texas,* 380 U.S. 400, 13 L.Ed. 2d 923, 85 S.Ct. 1065 (1965), there is some point at which the admission of hearsay evidence is a denial of that constitutional right.

In *Bruton v. United States,* 391 U.S. 123, 20 L.Ed. 2d 476, 88 S.Ct. 1620 (1968), there was a joint trial of two defendants in Federal District Court. During the course of the trial a postal inspector testified as to the extrajudicial confession of one of the defendants; that defendant did not testify. The court instructed the jury that the confession testimony could not be used against both defendants, but only against the defendant whom it was alleged had made the statement. Both were convicted, and the United States Supreme Court reversed.

The confession added substantial weight to the government's case in a form not subject to cross-examination, thereby violating the other defendant's Sixth Amendment right of cross-examination. This encroachment on Bruton's constitutional right could not be avoided by a jury instruction to disregard the confession as to him.

" '. . . The naive assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be unmitigated fiction. . . .' "

" '. . . The government should not have the windfall of having the jury be influenced by evidence against a defendant which, as a matter of law, they should not consider

but which they cannot put out of their minds.' . . ." *Bruton v. United States, supra.*

In *Roberts v. Russell,* 392 U.S. 293, 20 L.Ed. 2d 1100, 88 S.Ct. 1921 (1968), the Supreme Court held that the *Bruton* ruling was applicable to state trials, since the rule corrected a serious flaw in the fact-finding process at trial.

> " '[T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. . . . Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant . . . are deliberately spread before the jury in a joint trial.' " *Roberts v. Russell, supra.*

However, in *Nelson v. O'Neil,* 402 U.S. 622, 29 L.Ed. 2d 222, 91 S.Ct. 1723 (1971), the Supreme Court held that the *Bruton* rule did not apply to that particular joint trial.

O'Neil involved a joint trial of two defendants; a police officer was allowed to testify to the extrajudicial confession of one of the defendants, and the trial court gave a limiting instruction to the jury. The defendant who allegedly made the confession testified, and denied having made the statement, asserted that the substance of the statement was false and gave testimony favorable to the other codefendant. The Supreme Court held that although the counsel for the nontestifying defendant chose not to cross-examine, he had the opportunity to do so and therefore that defendant was not denied rights protected by the Sixth and Fourteenth Amendments.

> "It was clear in Bruton that the 'confrontation' guaranteed by the Sixth and Fourteenth Amendments is confrontation *at trial*—that is, that the absence of the defendant at the time the codefendant allegedly made the out-of-court statement is immaterial, so long as the declarant can be cross-examined on the witness stand at trial. . . . The Constitution as construed in Bruton, in other words, is violated *only* where the out-of-court hearsay statement is that of a declarant who is unavailable at the trial for 'full and effective' cross-examination." *Nelson v. O'Neil, supra.*

From this review of federal cases it is clear that the out-of-court confession of Wingate is admissible in evidence *against*

*him* in the joint trial where Wingate is available for cross-examination; that is, where Wingate takes the stand to testify, not having exercised his right to remain silent. However, the reception of such hearsay evidence still requires an instruction from the court that it can only be considered against the defendant who allegedly made the confession.

In view of the suspected value of such limiting instructions, and in view of the decision in *State v. Franklin,* 248 N.C. 695, 104 S.E. 2d 837 (1958), we hold that the trial court's limiting instruction in the instant case was insufficient to protect McEachin's right to a fair trial.

Error in overruling McEachin's objection to the hearsay confession as against him was not cured by a later instruction that such evidence could only be used against Wingate where there was no reference in the charge to the prior erroneous ruling noting its correction, and where there was no instruction that the jury should disabuse their minds of any and all prejudicial impressions lodged by the incompetent evidence. *State v. Franklin, supra.*

Since the circumstances upon which appellant's other assignments of error are based may not occur in a second trial, we refrain from discussing them.

New trial.

Judges HEDRICK and GRAHAM concur.