Clifton Ray JONES, Petitioner,

v.

John TAYLOR and State of North Carolina, Respondent.

No. 76–1498.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 8, 1976.

Decided Jan. 17, 1977.

---

Clifton Ray Jones, pro se.

Richard N. League, Asst. Atty. Gen., Raleigh, N.C., for respondent.

Before HAYNSWORTH, Chief Judge, and WINTER and WIDENER, Circuit Judges.

WINTER, Circuit Judge:

We are asked to reverse the district court's denial of a petition for a writ of habeas corpus without full evidentiary hearing on the ground that Clifton Ray Jones was denied the right to effective assistance of counsel in the two trials resulting in his North Carolina convictions of breaking and entering and larceny. In the trials, which apparently occurred on successive days, the principal evidence against Jones was the testimony of Robert Michael Suggs who asserted that he and Jones participated in the break-ins.[1] We think that the record sufficiently discloses that Jones' contention lacks merit. We therefore affirm.

I.

Although couched in terms of a denial of compulsory process, a liberal construction of Jones' principal claim for relief is that he was afforded ineffective representation by counsel. He alleges that his attorney failed to interview or produce for trial six witnesses who could have rebutted Suggs' testimony, either by contradicting it or by providing an alibi. Jones claims that he told his attorney about the witnesses several weeks before trial and assumed that they would be contacted until just before the trial when he learned that they had not

---

1. In the district court, Jones assailed his convictions on the additional grounds that (1) the testimony of Suggs was inadmissible, (2) the indictments were based on hearsay evidence, and (3) Jones was questioned about other pending criminal charges while testifying in his own defense at one of the trials. We see no merit in these attacks.

While certain limitations are imposed upon the use of out-of-court statements made by codefendants, see Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); State v. Franklin, 248 N.C. 695, 104 S.E.2d 837 (1958), these limitations do not apply to statements made in court by the defendant's compatriots. Likewise, it is settled that a bill of indictment based upon hearsay testimony does not violate any constitutional right. See Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956). Finally, Jones' assertion that questioning concerning other pending criminal charges was improper raises only a question under the state's evidentiary rules and as such is not cognizable in a petition for habeas corpus. See Grundler v. North Carolina, 283 F.2d 798 (4 Cir. 1960).

been subpoenaed.[2] A continuance was requested in order to procure the attendance of one of the six witnesses, a certain Robert Hepler, but was denied by the judge after Jones' counsel was unable to convince the judge that the witness would be useful to the defense.

At the Cosmic Carnival trial, in which he did not testify, Jones stated, in response to inquiry by the court, that he knew that he could testify, that he had consulted with counsel and had decided not to testify, and that *he had no other witnesses that he wanted his attorney to call* nor did he want to offer any other evidence. As to these six witnesses, Jones now asserts that they would have testified to exculpate him and that he wanted them to testify.

■■ With regard to the voluntariness of guilty pleas, we have repeatedly held that in postconviction attacks a prisoner will not be heard to controvert the statements made by him at the time that he tendered a plea of guilty unless he makes some reasonable allegation why this should not be so. *See Crawford v. United States,* 519 F.2d 347, 350 (4 Cir. 1975), *cert. denied,* 423 U.S. 1057, 96 S.Ct. 791, 46 L.Ed.2d 647 (1976); *Edwards v. Garrison,* 529 F.2d 1374 (4 Cir. 1975), *cert. denied,* 424 U.S. 950, 96 S.Ct. 1421, 47 L.Ed.2d 355 (1976); *Allison v. Blackledge,* 533 F.2d 894 (4 Cir.), *cert. granted,* —— U.S. ——, 97 S.Ct. 55, 50 L.Ed.2d 74 (1976). We think the same principle is applicable here. Having told the trial court that he did not desire to offer additional witnesses, Jones may not be permitted to attack the validity of his convictions on the ground that his counsel was ineffective in not offering these witnesses unless Jones advances a cogent allegation as to why he should not be held to his former statement. Since no such allegation has been made for five of the six witnesses, we hold that Jones is barred from claiming ineffectiveness of counsel for failure to call them as witnesses.

For purposes of this appeal, we may assume that Jones has alleged an acceptable reason why he did not ask the trial court to call the sixth witness, Robert Hepler. In a verified amendment to his petition for a writ of habeas corpus, Jones set forth that he had asked his counsel at trial to have all potential witnesses subpoenaed. His counsel requested the trial court to have Hepler brought from the Federal Penitentiary in Atlanta, Georgia, to Jones' trial in Charlotte, North Carolina. The trial judge inquired as to what the testimony of the witness would be, but Jones' lawyer was unable to state what the testimony would be. Therefore, the judge gave counsel permission to talk to the witness by telephone; however, the prison officials refused to permit the call to be completed. Hepler's lawyer told Jones that if Hepler were brought to Charlotte to testify, Hepler would be tried on charges pending against him in Charlotte; but if Jones did not require Hepler to be produced, Hepler would not be prosecuted. Jones' lawyer advised Jones not to make the solicitor (prosecutor) mad by pressing the request and stated that it was unlikely that the trial judge would require Hepler's production since counsel could not represent what his testimony would be. Although not stated specifically, the inference is inescapable that for these reasons Jones abandoned his quest to have Hepler produced.

The assertion that Jones' counsel advised him not to antagonize the solicitor by insisting upon Hepler's production, if true, might constitute a valid reason why Jones told the trial judge that he did not wish to produce other witnesses, and might be sufficient to relieve him from the binding force of his statement. In *Crawford, Edwards* and *Allison,* we recognized analogous reasons for relieving an accused from statements which

---

**2.** As we have noted, Jones was convicted in two cases: one involving a break-in at Cosmic Carnival, a clothing store, on October 30, 1970, and the other involving a break-in at Cumulus Fibers, Inc., on July 24, 1970. He was sentenced on both convictions on the same day. All of the witnesses could have testified in the Cosmic Carnival case and three could have also testified in the Cumulus Fibers case. Our statement of the facts and what transpired is drawn from the record in the Cosmic Carnival case.

he had made indicating that his guilty plea was voluntary so as to permit an attack on the voluntariness of the plea. These authorities may well indicate that Jones is no longer foreclosed from raising his claim. But in the instant case, Jones' amendment to his petition for a writ of habeas corpus also sets forth what Jones believes Hepler's testimony would have been had Hepler been produced and testified. Reference to it shows that Hepler's testimony would not have provided any defense for Jones.

The substance of Hepler's testimony would have been that Hepler borrowed Jones' car at about 6:00 p. m. on October 29, 1970, and that he saw Jones again at about 2:00 a. m. on October 30, 1970. The testimony of Suggs, on which Jones' conviction principally rests, is that Cosmic Carnival was burglarized sometime after midnight on October 30, 1970. Another codefendant, one Kenneth Porter, testified that with Jones, Suggs and others, he went to Cosmic Carnival between midnight and 1:00 a. m. on October 30, 1970, and that after the store was burglarized the group went immediately to his house where the loot was divided. Both Suggs and Porter were specific that Hepler was not part of the group which committed the robbery. Thus, it seems certain that Hepler's testimony could provide no alibi to Jones. The record therefore reflects that there was no prejudice to Jones even if we were to conclude that Jones' counsel rendered ineffective assistance by his failure to pursue Hepler as a witness, if in fact counsel had been told about Hepler prior to the beginning of the trial.

In the Cumulus Fibers case, Jones did testify and he was not asked if he wished any witnesses called. His verified amendment to his petition for a writ of habeas corpus sets forth the substance of what the three witnesses competent to testify in that case would have said had they been called. Without detailing it, we conclude that they could not have helped Jones and therefore he was not prejudiced by any failure to call them.

*AFFIRMED.*