941 F.2d 1207
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harold Junior LAKEY, Petitioner-Appellant,
v.
LARRY HUFFMAN, Warden, Attorney General of the Commonwealth
of Virginia, Respondents-Appellees.
 No. 91-7524.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 20, 1991.
Decided Aug. 21, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CA-90-370-R)
 Harold Junior Lakey, appellant pro se.
 Katherine Baldwin Toone, Office of the Attorney General of Virginia, Richmond, Va., for appellees.
 W.D.Va.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before PHILLIPS, MURNAGHAN and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Harold Junior Lakey, a Virginia prisoner, appeals from the order of the district court denying relief under 28 U.S.C. § 2254. For the reasons stated below we grant a certificate of probable cause to appeal, affirm in part, and vacate and remand in part.
 
 
 2
 Lakey was convicted by a jury in 1987 of one count of rape and two counts of forcible sodomy. Lakey was sentenced to terms of imprisonment totalling life plus 60 years. Lakey's petition for appeal to the Virginia Court of Appeals was denied. Lakey subsequently sought leave to appeal to the Virginia Supreme Court but the petition was dismissed as untimely. Lakey then filed a petition for habeas relief with the Virginia Supreme Court. The court granted the writ as to his claim that he had been denied a right of appeal, granted him a belated appeal, and denied the remainder of his claims without prejudice. Lakey's subsequent belated petition for appeal was denied on the merits. Lakey then filed a second habeas petition in the Virginia Supreme Court. The court dismissed a number of Lakey's claims as procedurally defaulted and found the rest to lack merit. Lakey then filed the present petition in federal court.
 
 
 3
 The federal petition raises three broad claims of ineffective assistance of counsel. The first alleges that trial counsel failed to interview known material witnesses; the second that counsel failed to investigate potential evidence in the case; and the third that Lakey was denied due process and equal protection through counsel's failure to subpoena certain witnesses and his failure to procure expert witnesses. Each of these broad claims is further broken down into more specific claims. The respondents moved to dismiss, arguing that most of Lakey's claims were procedurally barred and that all his claims lacked merit. The court ultimately dismissed the petition without a hearing, holding that Lakey's claims were not procedurally barred but that they nonetheless were not meritorious. Lakey moved for reconsideration and the court denied the motion. Lakey filed a timely notice of appeal from both the final order and the denial of the motion for reconsideration.
 
 
 4
 Under Va.Code § 8.01-654(B)(2) a habeas petitioner is required to include in his first petition for post-conviction relief all allegations of fact which are known to him. The statute bars the granting of any subsequent writ based on allegations of fact which were known to the petitioner at time of filing of a previous petition but were not included in the previous petition. See Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir.), cert. denied, 485 U.S. 1000 (1988). Where a petitioner has forfeited his right to state review of his claims by failing to comply with a state procedural requirement, federal habeas review is barred absent a showing by petitioner of both cause for the default and actual prejudice resulting from it. Murray v. Carrier, 477 U.S. 478 (1986); Wainwright v. Sykes, 433 U.S. 72 (1977). Existence of cause ordinarily turns on a showing of ineffective assistance of counsel, or an objective impediment which made compliance with a procedural rule impossible. Carrier, 477 U.S. at 488. To show prejudice a petitioner must demonstrate that the errors worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional magnitude. See Carrier, 477 U.S. at 492. Absent a showing of cause and prejudice, federal review is only allowed where a constitutional violation has probably resulted in the conviction of one who is actually innocent. Carrier, 477 U.S. at 496. Unless the last state court rendering judgment expressly relies on the procedural bar, however, federal courts should not treat a claim as procedurally barred. Harris v. Reed, 489 U.S. 255, 263 (1989).
 
 
 5
 The Virginia Supreme Court expressly held that some of Lakey's claims were procedurally defaulted under § 8.01-654(B)(2). The district court found that the Virginia court applied the bar improperly and addressed all claims on the merits.* A comparison of the first state petition with the second reveals that different claims were indeed presented in the latter. However, several claims which the state court found to be barred by Lakey's having failed to present them in the earlier petition were in actuality presented in the first petition. Also, Lakey several times presented the same claim more than once merely referring to it under a different letter. In some of these instances the state court denied a claim as barred, and then later reviewed it on the merits under a different heading. This creates an ambiguity concerning the application of the bar which entitles Lakey to federal review. Harris, 489 U.S. at 263.
 
 
 6
 After a careful review of both state petitions and the present federal petition we conclude that the district court properly addressed claims A(a), (d), and (e), B(a), (b), (c), (d), and (e), and C(a), (b), and (c) on the merits either because the state court incorrectly applied its bar or because its application of the bar is ambiguous. The district court should have denied claims A(b) and (c), and B(f) and (g) as procedurally defaulted. The decision below denying relief on these latter four claims is affirmed, but on the grounds that federal review of these claims was barred by Lakey's procedural default, and his failure to show cause for and prejudice from the default, rather than on their merits. We now turn to the merits of Lakey's remaining claims.
 
 
 7
 In order to prevail on an ineffective assistance claim Lakey must show that defense counsel's representation fell below an objective standard of reasonably effective assistance under prevailing professional norms, and that there is a reasonable probability that but for counsel's unprofessional errors the outcome of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 68788, 694 (1984); Briley v. Bass, 750 F.2d 1238, 1247 (4th Cir.1984), cert. denied, 470 U.S. 1088 (1985).
 
 
 8
 Claims A(a), (d), and (e) allege that counsel was ineffective for failing to call three witnesses, Ethel Freeman, Della Cumbow, and Lola Mae Harrison. Prior to the beginning of his trial Lakey was asked by the judge if he had given his lawyer the names of any witnesses. Lakey responded "[w]e didn't have any witnesses." The district court held, on the basis of Jones v. Taylor, 547 F.2d 808 (4th Cir.1977), that this statement precluded Lakey's ineffective assistance claims concerning the failure to present these witnesses. Even assuming that Lakey did provide a sufficiently cogent reason to overcome the barrier imposed by his prior statement, we believe that the testimony of these witnesses could not have affected the outcome of the trial. Therefore, the decision below denying relief on these three claims is affirmed.
 
 
 9
 Lakey's claim B(a) is the same as claim C(c) discussed below. Claim B(c) is the same as claim C(b), also addressed below. In claim B(e) Lakey alleges that a hair found on the blanket in his truck did not belong to the victim. This allegation is contrary to the evidence offered at trial and is unsupported. Even if true, we do not believe that when considered with all the evidence in his trial a disagreement over the identity of a single hair could have had any effect on the outcome.
 
 
 10
 In ground C Lakey makes three final claims of ineffective assistance. These three claims are mirror images of three ineffective assistance claims raised earlier in the petition; this time, though, they are couched in terms of due process and equal protection claims as well as ineffective assistance claims. Claim C(a) is meritless for the reasons set forth above as to claims A(a) and (d); it merely reargues Lakey's claims concerning the failure of counsel to call several witnesses. Claims C(b) and B(c) allege that counsel was ineffective for failing to obtain an expert witness to counter the state's forensic expert. Lakey does not allege that the testimony of Lynn Staffieri, the commonwealth's forensic expert, was inaccurate. Counsel thoroughly cross-examined Staffieri and pointed out weaknesses in the prosecution's evidence, as well as evidence which tended to exclude Lakey from being the perpetrator. In the absence of a claim that Staffieri's testimony was inaccurate a defense expert could have added nothing. The district court properly concluded that Lakey had failed to show the requisite prejudice.
 
 
 11
 Lakey's final claim under Ground C deserves additional consideration by the district court. Lakey argues that he has had a vasectomy, and thus could not have been the source of the sperm recovered from the victim, that he informed counsel of this, and that counsel was ineffective for failing to demonstrate this fact to the jury. This claim possesses merit because the jury quite possibly could have reached a different conclusion if it were true that Lakey could not produce sperm. The district court denied Lakey's claim stating that it "could not say that counsel's alleged failure to request more tests of the Commonwealth's physical evidence resulted in any denial of due process or equal protection." The proper resolution of this claim requires either expansion of the record in accordance with Rule 7 of the Rules Governing § 2255 cases or an evidentiary hearing. The current record does not demonstrate whether Lakey has in fact had a vasectomy, and if he has, when the procedure was performed. Both factors are clearly relevant to the present action. If Lakey had had a vasectomy prior to the assault, and counsel was aware of this, counsel's performance may very well have fallen below the level of competence required of criminal counsel for failing to present such evidence in Lakey's trial for rape. Additional factual input will also provide an opportunity for clarifying counsel's knowledge concerning the vasectomy.
 
 
 12
 The last remaining claim is B(b). There was testimony that the victim was assaulted in Lakey's pickup truck and that she bled profusely. Lakey argues that counsel was ineffective for failing to argue the absence of any blood in his truck. The district court found that counsel had presented this issue to the jury. However, our review of the transcript does not reveal that counsel addressed this issue. Without expressing any opinion on its ultimate merit, we believe that the district court may wish to reconsider its ruling on this claim in light of the ultimate results of the vasectomy claim.
 
 
 13
 In conclusion, we grant a certificate of probable cause to appeal. The decision below denying relief on claims C(c) and B(a), (b), and (d) is vacated and these claims are remanded for expansion of the record or an evidentiary hearing. The decision denying relief on claims A(a), (d) and (e); B(c), and (e); C(a) and (b) is affirmed. The denial of relief on all other claims is affirmed on the grounds that review of those claims has been forfeited. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 
 
 *
 The claims raised in Lakey's second state petition and the present federal petition are identical