66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry SHAVERS, a/k/a Billy Brooks, Defendant-Appellant.
 No. 95-6569.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 24, 1995.
Decided Sept. 18, 1995.
 
 Larry Shavers, Appellant Pro Se.
 Thomas Philip Swaim, Assistant United States Attorney, Raleigh, NC, for Appellee.
 Before WIDENER, HALL, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Larry Shavers, a federal prisoner, appeals from the district court's order denying his 28 U.S.C. Sec. 2255 (1988) motion. Shavers was convicted of conspiracy to rob a bank, armed bank robbery, use of a firearm in commission of armed bank robbery, kidnapping, and use of a firearm in the course of kidnapping. On direct appeal, this court affirmed the adjudication of guilt on all counts and rejected Shavers's challenges to his conviction, including a claim that his conviction was not supported by sufficient evidence. However, the judgment was vacated and the case remanded for resentencing only. See United States v. Shavers, 820 F.2d 1375 (4th Cir.1987).
 
 
 2
 In this 28 U.S.C. Sec. 2255 motion, Shavers sought to have his conviction vacated by alleging that his trial counsel was ineffective because he failed to call certain witnesses after interviewing them; that he was convicted on insufficient evidence; and that prosecutors used false testimony in order to gain a conviction. The district court found his claims meritless and denied his motion. Shavers noted a timely appeal and moved for this court to appoint counsel.
 
 
 3
 We have reviewed the record and the district court's opinion and find no reversible error. Because Shavers's adjudication of guilt has previously been affirmed by this court, his claim regarding the sufficiency of the evidence does not warrant review.
 
 
 4
 Shavers alleged that his counsel provided ineffective assistance when he decided not to call Shavers's alleged alibi witness after conducting an interview with him. Ineffective assistance is not shown when the witness not called to testify would not have helped the defense. Jones v. Taylor, 547 F.2d 808 (4th Cir.1977). Shavers's assertion fails to show that counsel's representation fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 687-91 (1984). Therefore, his claim for ineffective assistance lacks merit and was properly dismissed.
 
 
 5
 Lastly, Shavers's conclusory assertion of prosecutorial misconduct was also properly dismissed by the district court. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible).
 
 
 6
 Accordingly, we affirm the district court's dismissal of Shavers's motion for Sec. 2255 relief. We further deny Shavers's request for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED