STATE OF NORTH CAROLINA v. THURSTON GREENE AND JOHNNY PRESNELL

No. 7625SC114

(Filed 18 August 1976)

1. **Criminal Law § 92— defendants charged with same crime — consolidation proper**

    Prosecutions against two defendants for felonious breaking and entering and larceny were properly consolidated where defendants were charged with committing identical offenses at the same time and place.

2. **Criminal Law § 90— no cross-examination of State's own witness**

    Defendants were not prejudiced by the trial court's ruling that the prosecution might cross-examine the State's own witness, since the court reversed its own ruling before any cross-examination took place.

3. **Criminal Law § 80— written statements read by witness — memory refreshed**

    There was no error in the trial court's action directing a State's witness, out of the presence of the jury, to read two statements, one of which he himself had written while in jail and the other of which was a typewritten summary of statements made by the witness at a conference between the witness and the private prosecutor in the presence of a deputy sheriff, since a witness may be compelled by counsel to inspect a writing which is present in court if it is in his handwriting or it otherwise appears that his memory may be refreshed by reading it.

4. **Criminal Law § 73— overheard conversations — no hearsay evidence**

    Admission of testimony by a State's witness concerning two conversations he overheard between one defendant and two other people

did not violate the rule barring hearsay testimony, since the testimony was offered to show that the conversations took place, not to establish the truth of any statements made in the course of the conversations.

5. **Burglary and Unlawful Breakings § 5; Larceny § 7— house broken into — defendants in possession of recently stolen items — sufficiency of evidence**

In a prosecution for breaking and entering and larceny evidence was sufficient for the jury where it tended to show that a house was broken into and that defendants were in possession of items taken from the house no longer than several weeks after the theft.

ON *writ of certiorari* to review proceedings before *Baley, Judge.* Judgements entered 11 July 1975 in Superior Court, BURKE County. Heard in the Court of Appeals 13 May 1976.

By separate indictments, identical except for the name of the accused, the defendants Greene and Presnell were charged with (1) feloniously breaking and entering the Cuthbertson home in Burke County on or about 23 August 1974, and (2) the larceny therefrom after such breaking and entering of various items of personal property, including three rifles, forty cases of Remington .22 calibre Cherokee Shooting Gallery rifle shells, two television sets, and four cases of steel animal traps. The cases were consolidated for trial and both defendants pled not guilty.

The State presented evidence that on 23 August 1974 Mr. and Mrs. Cuthbertson returned to their home after being gone for several weeks to find it had been broken into and the items of personal property described in the indictments were missing therefrom. On 25 August 1974 the officers searched Greene's home under authority of a search warrant and found in the basement one television set and four cases of steel traps, which were identified by Mr. Cuthbertson as included among the items taken from his home. The State's witness George Tebbetts testified that on 20 or 21 August 1974 defendant Presnell sold him a rifle and two cases of ammunition, which were also identified by Cuthbertson as property taken from his home. Five witnesses for the State, Hildebran, Shook, Boyd, Scott, and Walker, testified to purchasing from defendant Presnell in separate transactions in late August 1974 cases of ammunition identified by Cuthbertson as his property taken from his home. Each case contained 10,000 rounds of a special gallery type ammunition which Cuthbertson specially ordered from Remington Arms Company for use in shooting galleries operated by him on the

Indian Reservation at Cherokee. This ammunition is made spe-
cially for gallery type shooting and has a special splatterless
type shell required by the insurance company. Cuthbertson's
invoice number was on these cases of ammunition.

Defendants did not present evidence. The jury found each
defendant guilty of the charges contained in the indictments.
From judgments imposing prison sentences, each defendant
appealed. To perfect the appeals this Court allowed appellants'
petition for certiorari.

*Attorney General Edmisten by Assistant Attorney General
Charles J. Murray for the State.*

*Hatcher, Sitton, Powell & Settlemyer, P.A. by Claude S.
Sitten for defendant appellants.*

PARKER, Judge.

[1] There was no error in consolidating the cases for trial.
The defendants were charged with committing identical offenses
at the same time and place. Whether defendants so charged
should be jointly or separately tried is within the sound dis-
cretion of the trial court, and in the absence of a showing that
a joint trial deprived a defendant of a fair trial, the exercise
of the court's discretion will not be disturbed on appeal. *State
v. Jones,* 280 N.C. 322, 185 S.E. 2d 858 (1972). No such show-
ing was made. That certain of the evidence against each defend-
ant was inadmissible against the other did not deprive either of
a fair trial. In each instance the trial judge correctly instructed
the jury as against which defendant the particular evidence was
competent, and nothing in the record indicates that the jury
was not able to follow his clear instructions. No evidence was
introduced to show any out-of-court statement by either defend-
ant implicating the other, and the problem involved in *Bruton
v. United States,* 391 U.S. 123, 20 L.Ed. 2d 476, 88 S.Ct. 1620
(1968), is not here presented. *State v. Dyer,* 239 N.C. 713, 80
S.E. 2d 769 (1954), cited by appellants, is not applicable to the
facts of the present case. In that case defendants were charged
with separate offenses of the same class, receiving stolen goods,
but the offenses were committed at different times and places
and under different circumstances. Here, the defendants were
charged with committing the identical offenses at the same time
and place.

The questions raised by appellants' second, third, and fourth assignments of error are not presented and discussed in their brief and are deemed abandoned. Rule 28(a), North Carolina Rules of Appellate Procedure.

**[2, 3]**   In their fifth assignment of error appellants assert that the court erred in ruling that the prosecution might cross-examine the State's own witness, Ricky Puett. Appellants suffered no prejudice by this ruling, since the trial court reversed its own ruling before any cross-examination took place. There was also no error in the court's action directing this witness, out of the presence of the jury, to read two statements, one of which he had himself written while in jail on 31 August 1974 and the other of which was a typewritten summary of statements made by the witness at a conference held 23 September 1974 between the witness and the private prosecutor in the presence of a deputy sheriff. These statements related to events concerning which the witness had been questioned by the prosecution at defendants' trial and as to which his answers, either because of a fading memory or by deliberate intent, had been extremely vague. "A witness may be compelled, at the instance of counsel examining or cross-examining him, to inspect a writing which is present in court, if it is his handwriting or it otherwise appears that his memory may be refreshed by reading it." 1 Stansbury's N. C. Evidence, Brandis Revision, § 32, p. 88. Appellants' fifth assignment of error is overruled.

**[4]**   By their sixth assignment of error the appellants contend that the court erred in permitting the State's witness, Puett, to testify concerning two conversations which he overheard. One of these was between defendant Presnell and an unidentified man and the other was between Presnell and the witness's uncle. Both conversations related to a television set. Admission of this testimony did not violate the rule barring hearsay testimony. The testimony was offered to show that the conversations took place, not to establish the truth of any statements made in the course of the conversations. Moreover, Puett's testimony concerning these conversations was admitted by the court only against defendant Presnell, not against defendant Greene, and the statements attributed to Presnell would in any event be admissible against him. Appellants' sixth assignment of error is overruled.

**[5]**   Finally, appellants contend their motions for nonsuit should have been allowed. We do not agree. There was ample

evidence to show that someone broke into the Cuthbertson home and removed therefrom a large amount of property. There was also evidence that not long after this occurred the defendants Greene and Presnell were each in possession of articles of property taken from the Cuthbertson home. A defendant's possession of stolen goods soon after the theft is a circumstance tending to show him guilty of the larceny. His failure to explain how the stolen articles came into his possession does not compel a conviction, but in the absence of an explanation or of a showing of circumstances such as to destroy the basis for the inference, evidence of such possession is sufficient to justify denial of a motion for nonsuit on the charge of larceny. *State v. Eppley*, 282 N.C. 249, 192 S.E. 2d 441 (1972). Upon proof of larceny following a breaking and entering, the defendant's possession of the stolen articles under such circumstances will also support an inference that he committed the breaking and entering. *State v. Jackson*, 274 N.C. 594, 164 S.E. 2d 369 (1968); *State v. Blackmon*, 6 N.C. App. 66, 169 S.E. 2d 472 (1969). Appellants contend, however, that these inferences should not be permitted in the present case because the State's evidence does not show exactly when the breaking and entering of the Cuthbertson home occurred and therefore the State has failed to show exactly how soon after that event it was that defendants were found in possession of the stolen articles. We do not agree. The Cuthbertsons testified that they returned to find their home broken into after being gone for "several weeks." The factual presumption, that one found in the unexplained possession of recently stolen property is the thief, is strong or weak depending on the circumstances, only one of which is the time between the theft and the possession. Other circumstances are the type of property involved and its legitimate availability in the community. *State v. Raynes*, 272 N.C. 488, 158 S.E. 2d 351 (1968); *State v. Blackmon, supra.* Here, the defendant Greene was shown to be in possession, at least no longer than "several weeks" after the theft, of a stolen television set and four cases of steel animal traps, an unusual combination of items not normally available, at least in that combination, through legitimate channels in the community. Defendant Presnell was shown to be in possession of one of the stolen rifles and of at least five cases, each containing 10,000 rounds, of specially manufactured ammunition, again property not normally available through legitimate channels in the com-

munity. Under these circumstances the jury could legitimately draw the inferences above referred to.

In defendants' trial and in the judgments imposed, we find

No error.

Judges HEDRICK and ARNOLD concur.