STATE OF NORTH CAROLINA v. JOHN D. PIERCE AND RICKY DAVID BYRUM

No. 771SC932

(Filed 20 June 1978)

1. **Criminal Law § 92.1— two defendants—same breaking and entering—different property stolen—consolidation proper**

   There was no error in consolidating for trial cases against two defendants where each was charged with committing the same breaking and entering, and each defendant was charged with committing larceny after such breaking and entering, albeit of different items of property.

2. **Larceny §§ 7.3, 7.10— stolen furs—identification of furs—possession of recently stolen property—sufficiency of evidence**

   In a prosecution for breaking and entering and larceny of furs, evidence was sufficient to show that the furs found in defendants' possession were furs taken from the warehouse broken into where such evidence consisted of testimony by the fur owners that they recognized furs taken from defendants as theirs by the shape and quality of certain furs, the method of stretching, tears and bruised places on certain furs, and method of tying the furs together; moreover, the time interval between the break-in and the possession by defendants, which could have been no longer than four days, was not too great to permit the jury to draw the inferences arising from the showing of defendants' possession of recently stolen property.

3. **Criminal Law § 122.1— jury's request for further instructions—no expression of opinion by court**

   The trial court did not express an opinion as to defendants' guilt where the jury, after they had begun deliberations, returned to the courtroom to request further instructions on recent possession; the judge gave the requested instructions; a juror asked the judge what to do if they still encountered difficulty in arriving at a verdict; and the judge instructed the jury to resume deliberations but to consult with him again if they encountered further difficulty.

APPEAL by defendants from *Small, Judge*. Judgments entered 22 April 1977 in Superior Court, CHOWAN County. Heard in the Court of Appeals 8 March 1978.

Each defendant was charged with feloniously breaking and entering on 23 January 1977 a storage warehouse occupied by E. F. Parks, a dealer in furs. In addition, defendant Pierce was charged with the felonious larceny after such breaking and entering of six opossum and thirty raccoon pelts, and defendant Byrum was charged with the felonious larceny after such breaking and

State v. Pierce

entering of two fox and thirty-nine raccoon pelts. Each defendant pled not guilty. Over defendants' objections, all cases were consolidated for trial.

The State presented evidence to show the following: Sometime between late Saturday afternoon, 22 January 1977, and 8:00 a.m. on Monday, 24 January 1977, the building in which E. F. Parks stored and cured furs in Chowan County, N.C., was broken into and a number of furs were removed therefrom without Parks's permission. On Wednesday, 26 January 1977, defendant Pierce sold thirty raccoon pelts and six opossum pelts to Darwin R. Lovett, a fur buyer at Virginia Beach, Virginia, and on the same day defendant Byrum offered to sell two fox and thirty-nine raccoon pelts to Gus McPherson, a fur dealer in Camden County, N.C. E. F. Parks and his wife identified the furs which defendant Pierce sold to Lovett in Virginia and the furs which defendant Byrum offered to sell McPherson in Camden County as furs which had been stored in the Parks warehouse prior to the breaking and entering and which were missing therefrom after the breaking and entering.

Defendant Pierce offered evidence that the furs he sold to Lovett were furs he and his father had trapped. Defendant Byrum testified that the furs he took to McPherson's store were furs he and a friend had trapped.

Defendant Pierce was found guilty of felonious breaking and entering and felonious larceny. Defendant Byrum was found guilty of felonious breaking and entering and non-felonious larceny. From judgments imposing prison sentences, defendants appealed.

*Attorney General Edmisten by Associate Attorney Christopher S. Crosby for the State.*

*White, Hall, Mullen & Brumsey by Herbert T. Mullen, Jr. and G. Elvin Small, III for defendant appellant John D. Pierce.*

*Twiford, Trimpi & Thompson by Russell E. Twiford, John G. Trimpi, and Jack H. Derrick for defendant appellant Ricky David Byrum.*

PARKER, Judge.

[1]    There was no error in consolidating the cases for trial. G.S.
15A-926(b)(2)b.2 provides that charges against two or more de-
fendants may be joined for trial when the offenses charged
"[w]ere part of the same act or transaction." Here, each defendant
was charged with committing the same breaking and entering,
and each defendant was charged with committing larceny after
such breaking and entering, albeit of different items of property.

Whether defendants charged with committing identical of-
fenses at the same time and place should be jointly or separately
tried is within the sound discretion of the trial court, and the ex-
ercise of the trial court's discretion will not be disturbed on ap-
peal absent a showing that a defendant was thereby deprived of a
fair trial. *State v. Jones*, 280 N.C. 322, 185 S.E. 2d 858 (1972);
*State v. Greene*, 30 N.C. App. 507, 227 S.E. 2d 154 (1976). No such
showing was here made. Neither defendant attempted to in-
criminate the other, and their defenses were not antagonistic. *See
State v. Madden*, 292 N.C. 114, 232 S.E. 2d 656 (1977). It is true
that each defendant was shown by the State's evidence to have
been in possession of different items of the stolen property and at
different places. However, the mere fact that certain of the
evidence against each defendant was inadmissible against the
other would not by itself deprive either of a fair trial. *See State
v. Greene, supra*. Evidence as to the separate possession of each
was admissible only as against the defendant shown to be in
possession, and instructions from the judge would have made that
clear to the jury. Such limiting instructions could have been ob-
tained by the defendants, either by requesting them, *State v. Kel-
ly*, 19 N.C. App. 60, 197 S.E. 2d 906 (1973), or simply by making a
timely general objection, *State v. Franklin*, 248 N.C. 695, 104 S.E.
2d 837 (1958). Defendants did neither. They may not now be heard
to complain because evidence showing the separate possession of
each was admitted generally against both without instructions to
the jury to make it clear as against which defendant the evidence
might be considered. Prejudice, if any, suffered by the defendants
resulted, not because the cases were consolidated for trial, but
because defendants' counsel failed to request limiting instructions
or to interpose timely general objections requiring them. Defend-
ants' first assignment of error is overruled.

[2] Defendants' second assignment of error is directed to the denial of their motions for nonsuit. In support of this assignment of error they contend, first, that the evidence was insufficient to show that the furs shown to have been in their possession were furs taken from the Parks warehouse, and, second, that the elapsed time between the breaking and entering and the date the furs were shown to be in their possession was too great to permit the State to rely upon the inferences arising from a showing of possession of recently stolen property. We find no merit in either contention. As to the first, defendants testified at trial that it is impossible to identify specific furs after they have been stretched. The State's evidence was to the contrary. E. F. Parks testified that he recognized certain furs as his by the way they were stretched, by the holes made by the stretchers, by the shape and quality of particular furs, and by torn, broken, and bruised places on certain furs. Mrs. Parks identified the furs by the way they were stretched and dried and also by the distinctive manner they were tied together with "pea string." The credibility of this evidence was for the jury. On motion for nonsuit it is to be accepted as true and is to be viewed in the light most favorable to the State. When so viewed, we find the evidence amply sufficient to support a jury finding that the furs shown to have been in defendants' possession on Wednesday, 26 January 1977, were furs taken from the Parks warehouse after it was broken into during the preceding weekend. We also find the time interval between the break-in and the possession by defendants, which could have been no longer than four days, was not too great to permit the jury to draw the inferences arising from the showing of defendants' possession of the recently stolen property. *See State v. Blackmon*, 6 N.C. App. 66, 169 S.E. 2d 472 (1969). It is not necessary that the elapsed time be so short as to exclude every possibility of the intervening agency of others; it is enough if a defendant's possession is shown so close in time to the theft as to make it unlikely that he could have acquired the property honestly. *State v. Jackson*, 274 N.C. 594, 164 S.E. 2d 369 (1968); *State v. Warren*, 35 N.C. App. 468, 241 S.E. 2d 854 (1978). We find no error in the denial of defendants' motions for nonsuit in the present case.

[3] Defendants' final assignment of error is directed to a portion of the court's charge to the jury. After the jury had begun

---

deliberations, they returned to the courtroom to request further instructions on recent possession. The judge gave the requested instructions, and a juror asked the judge what to do if they still encountered difficulty in arriving at a verdict. Rather than fully answering the juror's question, the judge instructed the jury to resume deliberations but to consult with him again if they encountered further difficulty. Defendants contend that the judge's refusal to answer the juror's question amounted to an expression of opinion that defendants should be found guilty because of the evidence showing their possession of recently stolen property. We fail to perceive any such intimation of opinion in the judge's refusal to answer the question. He had given the additional instructions as requested, and he was merely informing the jury that he would consider any further problems as they arose. It was not necessary for the judge to instruct the jury on a problem which had not yet arisen. This assignment of error is overruled.

In defendants' trial and in the judgments entered, we find

No error.

Judges VAUGHN and WEBB concur.