STATE OF NORTH CAROLINA v. REAVIOUS OKONE ROBINSON

No. COA99-343

(Filed 1 February 2000)

### Accomplices and Accessories— testimony of one against another—limiting instruction

The trial judge erred in a robbery prosecution by not giving a limiting instruction when a codefendant's testimony was introduced over defendant's objection. The court is required to give a limiting instruction when evidence is introduced at a joint trial against one defendant which is not admissible against a codefendant and the codefendant makes a general objection to the evi-

dence. The objecting defendant must make a timely objection or a specific request for a limiting instruction, but is not required to request a limiting instruction if he makes a general objection. The error was prejudicial because this statement, admitted on cross-examination to attack the witness's credibility, was the only evidence that defendant intended or planned to commit the robbery with the codefendant; the other circumstances argued by the State would permit an inference that defendant was acting in concert, but do not compel a finding of guilt and there is a reasonable possibility the outcome would have been different.

Appeal by defendant from judgment entered 5 November 1998 by Judge Sanford L. Steelman, Jr., in Union County Superior Court. Heard in the Court of Appeals 5 January 2000.

*Attorney General Michael F. Easley, by Associate Attorney General David L. Elliott, for the State.*

*Carol L. Huffman for defendant-appellant.*

MARTIN, Judge.

Defendant, Reavious Okone Robinson, appeals from a judgment entered upon his conviction by a jury of robbery with a firearm. Defendant was tried jointly with Christopher Devon Duncan, who was also charged with robbery with a firearm based on the same facts.

Briefly summarized, the evidence presented at trial tended to show that on 22 January 1997 defendant and Duncan entered the Quick One Food Mart and, after shopping for approximately 10 minutes, defendant approached the counter to purchase a bag of chips. When Youlim Tam, the clerk, opened the register to make change, Duncan held an object appearing to be a gun to Tam's shoulder and demanded money. Defendant and Duncan escaped with $280, part of which Duncan gave to defendant. Defendant also disposed of the weapon.

Defendant offered no evidence at trial. Duncan testified in his own behalf and stated that defendant did not plan to commit the robbery and had no prior knowledge that Duncan was going to rob the store. During the State's cross-examination of Duncan, he was impeached by use of a statement which he had made to police after his arrest and in which he had implicated defendant in the robbery.

Defendant's objection to the statement was overruled; he made no request for a limiting instruction as to the jury's proper use of Duncan's statement and none was given.

---

When, at a joint trial, evidence is admitted against one defendant which is not admissible against a co-defendant and the co-defendant makes a general objection to the evidence, the court is required to give a limiting instruction to the jury. *State v. Franklin,* 248 N.C. 695, 104 S.E.2d 837 (1958); See also *State v. Phillips,* 328 N.C. 1, 399 S.E.2d 293, *cert. denied,* 501 U.S. 1208, 115 L.Ed.2d 977 (1991). Such instruction must distinguish the defendant(s) against whom the evidence is admissible from the defendant(s) against whom it is not admissible. *Phillips, supra.* The objecting defendant must make either a timely general objection or a specific request for a limiting jury instruction, but is not required to request a limiting instruction if he makes a general objection. *State v. Pierce,* 36 N.C. App. 770, 245 S.E.2d 195 (1978). It is the duty of the trial court to give a specific limiting instruction due to the inherent danger of confusing the jury with the admission of evidence applicable only to one of multiple defendants.

In the present case, Duncan testified that defendant was not involved in the robbery. The State cross-examined him with respect to his previous statement to law enforcement officers that defendant was involved with the robbery. On re-direct, Duncan explained that the law enforcement officers wanted him to implicate defendant in the commission of the crime, although defendant had played no part in the robbery. Duncan's prior statement was not admissible against defendant for any purpose. *Franklin, supra.* Thus, the trial court erred in failing to specifically instruct the jury that it could not consider Duncan's previous statement against defendant.

Having found error, we must now determine whether the error warrants a new trial for defendant. To be entitled to a new trial, defendant has the burden of showing the error prejudiced him in some way.

A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. The burden of showing such prejudice under this subsection is upon the defendant.

N.C. Gen. Stat. § 15A-1443(a) (1998); See also *State v. Rush*, 340 N.C. 174, 456 S.E.2d 819 (1995). The court may negate the effect of the error by giving a proper instruction. "When the trial court instructs the jury not to consider incompetent evidence, any prejudice is ordinarily cured." *State v. Adams*, 347 N.C. 48, 68, 490 S.E.2d 220, 230 (1997), *cert. denied*, 522 U.S. 1096, 139 L.Ed.2d 878 (1998) (citations omitted).

A defendant may be convicted for a crime committed by another if the State proves the defendant acted "in concert" with the other to commit the crime. At the time this crime was committed, acting in concert required proof beyond a reasonable doubt that defendant was "at the scene with another with whom he shares a common plan to commit the crime, although the other person does all the acts necessary to effect commission of the crime." *State v. Blankenship*, 337 N.C. 543, 557-58, 447 S.E.2d 727, 736 (1994), *overruled by*, *State v. Barnes*, 345 N.C. 184, 481 S.E.2d 44 (1997), *cert. denied*, 523 U.S. 1024, 140 L.Ed.2d 473 (1998). In addition to the proof requirements associated with acting in concert, if the crime is a specific intent crime, such as robbery with a dangerous weapon, the defendant, like the actual perpetrator, must be shown to have the requisite specific intent. *Id.* "The specific intent may be proved by evidence tending to show that the specific intent crime was a part of the common plan." *Id.* at 558, 447 S.E.2d at 736. "Although a common plan for all crimes committed may exist at the outset of the criminal enterprise, its scope is not invariable; and it may evolve according to the course of events." *Id.*

In determining whether a reasonable possibility exists that defendant would have been convicted in spite of the trial court's failure to give a proper limiting instruction, the focus of our inquiry is on the evidence supporting specific intent. The only direct evidence that defendant intended or planned to commit the robbery with Duncan came through Duncan's extra-judicial statement which was used to attack his credibility during his cross-examination.

The State argues, however, that sufficient circumstances exist to show defendant's knowledge and intent. Defendant and Duncan went to the Quick One Food Mart together; they perused the shelves in the store for several minutes before defendant approached the clerk to buy a drink and a bag of chips. When the clerk opened the cash register drawer to make change for defendant's purchase, Duncan placed a weapon against his shoulder and demanded money. Defendant walked out of the store ahead of Duncan. While these facts

are sufficient to permit an inference that defendant was acting in concert with Duncan to rob the store, and thus to overcome defendant's motion to dismiss, they do not compel a finding of guilt. Without the statements from Duncan describing defendant's involvement in the scheme, there is a reasonable possibility the outcome would have been different for defendant. Therefore, we must grant defendant a new trial.

We do not address defendant's remaining assignments of error as they may not arise upon retrial.

New trial.

Judges TIMMONS-GOODSON and HORTON concur.