STATE OF NORTH CAROLINA v. MARKIE DEVON JONES

No. COA02-738

(Filed 1 April 2003)

**1. Search and Seizure— traffic stop—failure to make motion to suppress prior to trial**

The trial court did not err in a robbery with a dangerous weapon case by overruling defendant's objection to the admission of evidence gathered at a traffic stop, because: (1) defendant objected at trial to the admission of the evidence, and as a general rule a motion to suppress must be made before trial unless defendant did not have a reasonable opportunity to make the motion before trial or unless a motion to suppress is allowed during trial under N.C.G.S. § 15A-975(b) or (c); (2) defendant failed to bring himself within any of the exceptions to the general rule; and (3) a miscalculation of the strength of the State's case is not a sufficient excuse for failure to make a motion to suppress prior to trial.

**2. Robbery— dangerous weapon—motion to dismiss—sufficiency of evidence—acting in concert**

The trial court did not err by denying defendant's motion to dismiss the charge of robbery with a dangerous weapon, because: (1) defendant was convicted under the theory of acting in concert to commit the armed robbery; (2) a coparticipant testified that he,

defendant, and another person all participated in the planning and execution of the robbery; (3) the coparticipant testified that he told defendant and another person that he had a gun before the robbery; (4) the coparticipant testified that defendant entered the store first to assess conditions within the store, returned to report to the other two men, and defendant waited in the vehicle as the designated getaway driver; and (5) although defendant's evidence tended to contradict the coparticipant's testimony, contradictions and discrepancies must be resolved by the jury and do not warrant dismissal.

Appeal by defendant from judgment entered 23 October 2000 by Judge James C. Spencer, Jr., in Wake County Superior Court. Heard in the Court of Appeals 17 March 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Grady L. Balentine, Jr., for the State.*

*John T. Hall for defendant appellant.*

TIMMONS-GOODSON, Judge.

Markie Devon Jones ("defendant") appeals from his conviction entered upon a jury verdict finding him guilty of robbery with a dangerous weapon. For the reasons stated herein, we find no error by the trial court.

The State presented evidence at trial tending to show the following: On 16 May 2000, Jeremy Bowser ("Bowser") was working at a convenience store located in Raleigh, North Carolina. At approximately 2:30 a.m., defendant entered the store and asked Bowser the location of the bathroom. After using the bathroom, defendant left the store. A few minutes later, two African-American men wearing masks entered the store and approached Bowser. One of the men held a gun, while the second intruder accompanied Bowser behind the store counter and ordered him to empty the cash register.

After Bowser emptied the cash register, the robbers moved Bowser to the back of the store and inquired about the store's surveillance videotapes. Bowser explained that he had no access to the surveillance videotapes because they were locked in a box and he did not have the key. While they were in the back of the store, the front door alert sounded, indicating that someone had entered the store. One of the men put the gun to Bowser's head and ordered him to lie

**STATE v. JONES**

[157 N.C. App. 110 (2003)]

down on the floor. While Bowser lay on the floor, his cellular telephone rang. The men then took Bowser's telephone, surveyed the store to ensure that no one was watching them, and exited the store. Bowser immediately summoned law enforcement officers to the scene.

Officer V.C. Sjostedt of the Raleigh Police Department testified that he responded to an alert about the convenience store robbery, which included a brief description of the suspects as being two black males. As he drove toward the store, Officer Sjostedt observed an approaching vehicle driving in excess of the speed limit. Officer Sjostedt followed the vehicle, and it slowed down considerably. Following the vehicle, Officer Sjostedt observed two individuals in the front seat and one in the rear seat. One of the occupants of the vehicle looked back several times, and another occupant held something over his head. Officer Sjostedt believed the occupants to be three African-American males.

Officer Sjostedt signaled the vehicle to stop by activating his emergency equipment. Once the vehicle pulled over, Officer Sjostedt requested additional law enforcement assistance when the passenger in the rear seat began making movements Officer Sjostedt considered to be suspicious. Utilizing the public address system on his patrol car, Officer Sjostedt ordered the occupants of the vehicle to step out of the car and place their hands above their heads. Officer Sjostedt observed the rear seat occupant "doing something under the seat and behind the right front passenger seat," and he repeated the command. Defendant, the driver of the vehicle, was the first person to step out of the car.

Upon searching the vehicle, law enforcement officers recovered an automatic pistol, as well as a carton of cigarettes bearing the specific markings of the convenience store that had been robbed. When officers brought Bowser to the scene of the traffic stop, he identified defendant as the man who entered the store just prior to the robbery, and the other two passengers, Gary Whitley and Theodore Stroud, as the two men who carried out the robbery. After Bowser identified the three men, one of the arresting officers dialed Bowser's cellular telephone number, and the telephone rang from inside defendant's vehicle.

At the close of the evidence, the jury found defendant guilty of robbery with a dangerous weapon, and the trial court sentenced him

to a minimum term of eighty-four months' imprisonment and a maximum term of 110 months. Defendant appeals.

Defendant presents two assignments of error on appeal, arguing that the trial court erred by (1) allowing the State to introduce evidence gathered pursuant to the traffic stop, and (2) denying defendant's motion to dismiss. We find no error by the trial court.

[1] Defendant first argues that the trial court erred by overruling his objection to the admission of evidence gathered at the traffic stop. Defendant contends that the police lacked a reasonable and articulable suspicion to justify stopping the vehicle, and that the evidence was thus unlawfully seized. Section 15A-974 of the North Carolina General Statutes provides for the suppression of evidence if the exclusion of the evidence "is required by the Constitution of the United States or the Constitution of the State of North Carolina." N.C. Gen. Stat. § 15A-974 (2001). "The exclusive method of challenging the admissibility of evidence upon the grounds specified in G.S. 15A-974 is a motion to suppress evidence which complies with the procedural requirements of G.S. § 15A-971 *et seq.*" *State v. Conard*, 54 N.C. App. 243, 244, 282 S.E.2d 501, 503 (1981); *see also* N.C. Gen. Stat. § 15A-979(d) (2001) (stating that "[a] motion to suppress evidence made pursuant to this Article is the exclusive method of challenging the admissibility of evidence upon the grounds specified in G.S. 15A-974"); *State v. Joyner*, 54 N.C. App. 129, 132, 282 S.E.2d 520, 522 (1981), *disc. review denied*, 304 N.C. 730, 287 S.E.2d 903 (1982); *State v. Drakeford*, 37 N.C. App. 340, 345, 246 S.E.2d 55, 59 (1978) (same). "The burden is on the defendant to demonstrate that he has made his motion to suppress in compliance with the procedural requirements of G.S. § 15A-971 *et seq.*; failure to carry that burden waives the right to challenge evidence on constitutional grounds." *Conard*, 54 N.C. App. at 245, 282 S.E.2d at 503.

In the instant case, defendant objected at trial to the admission of the evidence, citing lack of reasonable suspicion. "As a general rule, motions to suppress *must be made before trial.*" *State v. Satterfield*, 300 N.C. 621, 625, 268 S.E.2d 510, 514 (1980); *see also* N.C. Gen. Stat. § 15A-975(a) (2001) (providing that a defendant may move to suppress evidence "only prior to trial unless the defendant did not have reasonable opportunity to make the motion before trial or unless a motion to suppress is allowed during trial under subsection (b) or (c)").

A defendant may move to suppress evidence at trial *only* if he demonstrates that he did not have a reasonable opportunity to make the motion before trial; or that the State did not give him sufficient advance notice (twenty working days) of its intention to use certain types of evidence; or that additional facts have been discovered after a pretrial determination and denial of the motion which could not have been discovered with reasonable diligence before determination of the motion.

*Satterfield,* 300 N.C. at 625, 268 S.E.2d at 514 (emphasis added). Defendant failed to bring himself within any of the exceptions to the general rule. Defendant's stated reason for bringing the motion at trial, rather than prior to trial, was that he "figured that the evidence that the State had would be thicker than it was." Only when defendant discovered the alleged weakness of the State's case did he object to admission of the evidence. A miscalculation of the strength of the State's case is not a sufficient excuse for failure to make a motion to suppress prior to trial. Thus, defendant's objection at trial to the admissibility of the evidence is without merit because the objection, treated as a motion to suppress, was not timely made. *See id.* We therefore overrule this assignment of error.

[2] We next consider whether there was sufficient evidence to support the charge of robbery with a dangerous weapon. Defendant argues that the evidence was insufficient because it was contradictory and inherently incredible. Defendant notes the testimony of one of the co-defendants, Whitley, who initially told police that defendant had not participated in the robbery. An additional witness, Latoya Bethea, testified that Whitley told her that the defendant was not involved in the robbery. Defendant also introduced the testimony of Thomas Stroud, Sr., father of co-defendant Thomas Stroud, Jr., who testified that his son told him that defendant was not involved in the robbery. Defendant further argues that, even under a theory of acting in concert, the evidence does not support an inference that he had an intent to commit armed robbery. Specifically, defendant contends there was insufficient evidence that he knew Whitley had a firearm, and that he had the intent to commit armed, rather than common law robbery. We are not persuaded.

To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense. *See State v. Cross,* 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). " 'Substantial evidence is relevant evidence that a reasonable mind

might accept as adequate to support a conclusion.' " *Id.* at 717, 483 S.E.2d at 434 (quoting *State v. Olson,* 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)).

> In considering a motion to dismiss, the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence. The trial court must also resolve any contradictions in the evidence in the State's favor. The trial court does not weigh the evidence, consider evidence unfavorable to the State, or determine any witness' credibility.

*State v. Parker,* 354 N.C. 268, 278, 553 S.E.2d 885, 894 (2001) (citations omitted), *cert. denied,* 535 U.S. 1114, 153 L. Ed. 2d 162 (2002).

In the case *sub judice,* defendant was convicted under the theory that he acted in concert to commit the armed robbery. This Court has stated that

> [a] defendant may be convicted for a crime committed by another if the State proves the defendant acted "in concert" with the other to commit the crime. . . . In addition to the proof requirements associated with acting in concert, if the crime is a specific intent crime, such as robbery with a dangerous weapon, the defendant, like the actual perpetrator, must be shown to have the requisite specific intent. "The specific intent may be proved by evidence tending to show that the specific intent crime was a part of the common plan."

*State v. Robinson,* 136 N.C. App. 520, 523, 524 S.E.2d 805, 807 (2000) (quoting *State v. Blankenship,* 337 N.C. 543, 558, 447 S.E.2d 727, 736, (1994), *overruled on other grounds, State v. Barnes,* 345 N.C. 184, 481 S.E.2d 44 (1997), *cert. denied,* 523 U.S. 1024, 140 L. Ed. 2d 473 (1998)). Here, Whitley testified that he, defendant and Stroud all participated in the planning and execution of the robbery. Specifically, Whitley testified that he told defendant and Stroud that he had a gun before the robbery. Whitley stated that, when they arrived at the store, defendant entered first in order to assess conditions within the store. Upon his return, defendant informed Whitley and Stroud that Bowser was the only person present in the store. Whitley and Stroud then placed bandanas over their faces and went inside, while defendant waited in the vehicle as the designated "getaway driver." After Whitley and Stroud left the store, defendant drove them away in his vehicle. Although defendant's evidence tended to contradict Whitley's testi-

mony, contradictions and discrepancies must be resolved by the jury and do not warrant dismissal. *See State v. Bumgarner*, 147 N.C. App. 409, 412, 556 S.E.2d 324, 327-28 (2001). In the light most favorable to the State, the evidence permits an inference that defendant acted in concert to commit armed robbery. Accordingly, we hold that the trial court did not err in denying defendant's motion to dismiss, and we overrule this assignment of error.

No error.

Judges TYSON and BRYANT concur.